# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALAN HOROWITCH,**

                       **Plaintiff,**

**-vs-**                                                **Case No.  6:06-CV-1703-Orl-19JGG**

**DIAMOND AIRCRAFT INDUSTRIES, INC.,**

                       **Defendant.**

_____

# <u>ORDER</u>

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. No. 34)**<br><br>**FILED:**    **February 27, 2007**<br>_____<br><br>**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. |

## I.    BACKGROUND

Plaintiff seeks specific performance of a contract, or in the alternative, damages for Defendant's alleged breach the contract. Docket No. 41 (amended complaint). Plaintiff claims that, pursuant to a written contract executed in June 2004, Defendant agreed to sell Plaintiff a single engine jet aircraft for $850,000. Plaintiff further alleges that around August 2006, Defendant breached the contract by refusing to sell the aircraft unless Plaintiff paid $1,380,000. *Id.* In his amended complaint, Plaintiff also seeks damages for breach of "the implied covenant of good faith and fair dealing" and for deceptive trade practices. *Id* at 10-12. Defendant denies that it breached the contract, and

"responds by stating that the Contract speaks for itself."  Docket No. 45 (answer to amended complaint).

On January 2, 2007, Plaintiff served on Defendant interrogatories and requests to produce and Docket No. 34-3 at 10, 28.  On February 1, 2007, Defendant served responses and objections to these discovery requests.  Docket No. 34-4.  In its answers to the interrogatories, Defendants first listed "General Objections" (e.g., attorney-client privilege, work-product doctrine, overbreadth, and vagueness) that do not correspond to any of Plaintiff's numbered interrogatories.  *See* Docket No. 34-4 at 16-17.  Defendant included similar "General Objections" in its responses to Plaintiff's requests to produce.  *See id.* at 2-3.  For the most part, Defendant did not produce documents in response to the requests.  Rather, Defendant stated objections; referred Plaintiff to documents already produced during its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1); and promised to produce "non-privileged responsive documents" sometime in the future.  *See id.* at 4-12.  Defendants did not produce a privilege log.  Docket No. 34 at 19.

Plaintiff has filed a motion to compel [Docket No. 34] now before the Court.  Plaintiff seeks to compel documents and further answers to interrogatories, arguing that defendant "has either flatly refused to respond to, or provided wholly insufficient responses to, a variety of Plaintiff's requests for production and interrogatories."  *Id.* at 4.  Defendant opposes the motion.  Docket No. 44.  Defendant claims that it has already produced complete responses to most of the discovery requests; that some of Plaintiff's requests are vague, overbroad, or not relevant; and that some of the requests seek privileged information.  Docket No. 44.

## II.     THE LAW

Parties may obtain discovery on "any matter, not privileged, which is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial, but rather discovery must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Federal Rule of Civil Procedure 33 provides that a party shall answer each interrogatory "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). The objecting party shall state the grounds for the objection "with specificity." Fed. R. Civ. P. 33(b)(4). Ordinarily, by voluntarily answering an interrogatory, the party waives objection to that interrogatory. *Riley v. United Air Lines, Inc.*, 32 F.R.D. 230, 234 (S.D.N.Y. 1962); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands"). In addition, "[a] unilateral declaration that no objections are waived will not be allowed to displace the command of Rule 33 that the party either fully answer or object." *Casson Constr. Co., Inc. v. Armco Steel Corp.*, 92 F.R.D. 376, 379 (D.C. Kan. 1980).

A request to produce pursuant to Federal Rule of Civil Procedure 34 "shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Fed. R. Civ. P. 34(b). The Rule further provides that

> If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. If objection is made to the requested form or forms for producing electronically stored information -- or if no form was specified in the request -- the responding party must state the form or forms it intends to use.

*Id.*  The party producing the documents "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request . . ." Fed. R. Civ. P. 34(b)(i).

A party objecting to production on the grounds of privilege must produce of privilege log. Federal Rule of Civil Procedure 26 provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).  To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery.  *See Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g*, 230 F.R.D. 688, 695 (M.D. Fla. 2005).  The party asserting the privilege has the burden of proving the existence of the privilege.  *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991).

III.    **ANALYSIS**

A.    **Interrogatory No. 2**

In Interrogatory No. 2, Plaintiff asked Defendant to "identify each individual who participated in the drafting of the form contract that was utilized by [Plaintiff] and [Defendant] to memorialize their agreement regarding purchase of the Aircraft and describe the nature of the individuals [sic]

-4-

participation in the drafting of that form contract." Docket No. 34 at 4-5. Defendant objected to the interrogatory as overbroad and not relevant; purported to incorporate by reference each of its "General Objections"; and provided three names (Cathy Wood, Jeff Owen, and Peter Maurer) accompanied by brief descriptions of each individual's involvement "[s]ubject to and without waiver of the foregoing objections." *Id.*

In his motion, Plaintiff states that Defendant "has flatly refused to provide any information actually responsive to Interrogatory No. 2," and notes that Defendant "has only provided the names of three individuals that [sic] participated in filling in the blanks on and execution of the form Contract with Plaintiff." Docket No. 34 at 4. Plaintiff further argues that the information sought in the interrogatory is relevant pursuant to Rule 26(b)(1). In its memorandum in opposition, Defendant argues that the information is not relevant, but also that it completely answered the interrogatory by provided the three names. Docket No. 44 at 4-5.

Plaintiff apparently seeks a better answer to Interrogatory No. 2, but failed to specify what it seeks and how Defendant's answer "subject to" the relevance objection is deficient.[1] It is true that the information requested – the identity of the drafters and their involvement – is reasonably calculated to lead to the discovery of admissible evidence. However, by voluntarily answering the interrogatory, Defendant waived its objection as to the relevancy of the identity and involvement of the drafters. Plaintiff's motion to compel a better answer to Interrogatory No. 2 is therefore **DENIED** as moot.

---

[1]If Plaintiff is actually seeking to compel the names of the individuals who drafted the form contract itself (and who were not necessarily involved in the March 2003 to June 2004 negotiations), then Plaintiff's interrogatory and motion to compel do not make this clear. In its memorandum in opposition, Defendant states that it has provided "full information regarding the identities of those who drafted the form Contract and has described the nature of their participation." Docket No. 44 at 3. If the parties have a misunderstanding on this issue, counsel should have clarified the misunderstanding in a good faith conference pursuant to Local Rule 3.01(g) prior to filing the motion.

### B.    Interrogatory No. 4

Plaintiff's Interrogatory No. 4 asked Defendant to describe communications between Defendant and Plaintiff related to the contract.  Docket No. 34 at 7.  Defendant's answer incorporated its "General Objections"; claimed attorney-client privilege or work-product doctrine; and referred Plaintiff to Defendant's Rule 26 disclosures.  *Id.*  "Subject to" these objections, Defendant provided a vague and cursory answer to this interrogatory.

Defendant did not state its objections with specificity; failed to produce a privilege log; and merely provided an unclear and general reference to documents produced earlier.  Defendant's answer "subject to" the objections further did not "describe" the conversations, as requested by Plaintiff. Plaintiff's motion to compel a better answer to Interrogatory No. 4 is **GRANTED**.

### C.    Interrogatory Nos. 5 and 7 and Request to Produce Nos. 7 and 8

In Plaintiff's Interrogatory Nos. 5 and 7 and Request to Produce Nos. 7 and 8, Plaintiff principally seeks information about Defendant's communications with other customers who, like Plaintiff, were "later informed the base price for the Aircraft would be in excess of $850,000." Docket No. 34 at 8-9.  Defendant argues that this information is not relevant.  Docket No. 44 at 6-8.  The information sought in Plaintiff's Interrogatory Nos. 5 and 7 and Request to Produce Nos. 7 and 8 is relevant, for the purposes of discovery, to Plaintiff's claims for "breach of the implied covenant of good faith and fair dealing" and for deceptive trade practices.

In addition to objecting to relevancy, Defendant argues that the information is protected by the attorney-client privilege or work product doctrine, and that Plaintiff is attempting to "bring extrajudicial pressure on [Defendant] by attempting to stir up trouble with other customers in an action

relating solely to [Plaintiff]." Docket No. 44 at 7.  Defendant failed to provide a privilege log or meet

its burden to prove the existence of the privilege.  Defendant's other arguments are unsupported.

Plaintiff's motion to compel as to Plaintiff's Interrogatory Nos. 5 and 7 and Request to Produce Nos.

7 and 8 is **GRANTED**.  The Court expects counsel to *talk* to each other and work together to attempt

to minimize the burden, if any, on non-parties.

### D.      Interrogatory No. 6

In Interrogatory No. 6, Plaintiff asks Defendant to describe the "location" of Defendant's

"records, electronic or otherwise . . ." Docket No. 34 at 11.  In response, Defendant answered the

interrogatory by stating that Defendant "has access to electronically stored information from the

address, 1560 Crumlin Sideroad, London, Ontario." *Id.*

Plaintiff now seeks a better answer to Interrogatory No. 6, arguing that the interrogatory answer

is "cryptic and totally unhelpful." *Id.* at 12.  In addition to serving the interrogatory, Plaintiff's counsel

asked for this information during the Rule 26 preliminary planning and case management conference,

and in one e-mail to Defendant's counsel. *Id.*; *see also*, Docket No. 44 at 9.  Defendant counters by

claiming that it "freely, fully, and completely responded to the question that was put to it by providing

the address . . ." Docket No. 44 at 8.  Defendant argues that Plaintiff failed to define the term

"location," and that it Plaintiff seeks additional information, Plaintiff should resubmit another

interrogatory.

Neither party made a good faith effort to resolve the dispute over Interrogatory No. 6 prior to

the filing of this motion to compel. *Compare* Docket No. 34 at 11-12 *with* Docket No. 44 at 8-9.

Nonetheless, Defendant's answer is vague and confusing, and Defendant is wrong that Plaintiff is

required to serve another interrogatory in order to clarify the answer.  Counsel should be *talking to each other* to clarify any confusion.

Plaintiff's motion to compel a better answer to Interrogatory No. 6 is **DENIED** without prejudice for failure to comply with Local Rule 3.01(g).  However, Defendant's counsel shall immediately provide Plaintiff's counsel with further information about its answer to Interrogatory No. 6 and any other information pertaining to electronic discovery issues.  Prior to refiling a motion on Interrogatory No. 6, if any, counsel for both parties shall confer in person or by telephone, and shall have available a person capable of answering all technical questions pertaining to electronic discovery.[2]

### E.      Request to Produce No. 6

Plaintiff asks the Court to strike Defendant's response and objections and to compel documents responsive to Plaintiff's Request to Produce No. 6.  Docket No. 34 at 12-13.  In its memorandum in opposition, Defendant argues that it objected on the grounds of vagueness and relevancy, but that it provided a "complete, substantive response" by referring Plaintiff to documents produced during Defendant's Rule 26 initial disclosures.  Defendant states: "there are no additional documents responsive to [Plaintiff's Request to Produce No. 6]."  Docket No. 44 at 9-10.

If Defendant did not clearly organize or label the documents produced, Defendant's counsel shall inform Plaintiff's counsel which documents are responsive to this request.  Otherwise, Plaintiff's

---

[2]No party has moved for an extension of the discovery deadline which remains May 3, 2007.  Docket No. 27  Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.  Middle District Discovery (2001) at 3, ¶ I(F)(1)

motion as to Request to Produce No. 6 is **DENIED** as moot and for failure to comply with Local Rule 3.01(g).

      **F.**      **Request to Produce Nos. 1, 3, 13, 14, 15, and 16**

Defendant's initial response to Plaintiffs' Request to Produce Nos. 1, 3, 13, 14, 15, and 16 included general objections and statements that Defendant "will produce non-privileged responsive documents in its possession." *See* Docket No. 34 at 15.   In his motion, Plaintiff argues that Defendant subsequently produced "a few more documents responsive to these requests but has yet to indicate that it was produced all documents called for in the [r]equests, despite Plaintiff's requests that it do so." *Id.*   In its memorandum in opposition, Defendant states that, in a February 15, 2007 letter from Defendant's counsel to Plaintiff's counsel, Defendant already informed Plaintiff that it had produced all documents responsive to these requests.   Docket Nos. 44 at 10, 44-3 at 6.

It is not clear why the parties could not resolve this issue without Court intervention.   As Defendant has stated that it has "no additional responsive documents in its possession to produce," Plaintiff's motion as to Request to Produce Nos. 1, 3, 13, 14, 15, and 16 is **DENIED** as moot.

      **G.**      **Request to Produce Nos. 2, 5, 9, 10, 11, 12, and 21**

Plaintiff also seeks to compel documents responsive to Request to Produce Nos. 2, 5, 9, 10, 11, 12, and 21.   Defendant, for the most part, responded to these requests with general and vague objections.   In Plaintiff's motion and Defendant's memorandum in opposition, the parties present to the Court arguments about the interpretation of Plaintiff's requests; whether a confidentiality agreement on discovery is appropriate; and whether a broad reading of Plaintiff's requests would result

in an "endless" list of documents that would be costly to Defendant. *See* Docket No. 34 at 15-19; *see also* Docket No. 44 at 1-13.

It is clear from these arguments and from the rest of the motion and memorandum in opposition that, despite Plaintiff's Local Rule 3.01(g) certificate, counsel did not communicate and make a lengthy and good faith effort to resolve their discovery disputes without involving the Court. As discussed earlier, the Court expects that if Plaintiff's discovery requests are unclear, Defendant's counsel should contact Plaintiff's counsel to obtain a clarification of what answers or documents are sought.  Similarly, if Defendant believes it has fully responded to the discovery requests, it should provide responses which clearly state that it has no additional information or documents responsive to those requests.  The Court also expects counsel to reach agreements regarding the production of documents "based upon considerations of reasonableness, convenience, and common sense." Middle District Discovery (2001) at 14, ¶ III(B)(8).

Plaintiff's motion to compel as to Request to Produce Nos. 2, 5, 9, 10, 11, 12, and 21 are **DENIED** without prejudice for failure to comply with Local Rule 3.01(g).  Accordingly, it is

**ORDERED** that Plaintiff's Motion to Compel [Docket No. 34] is **GRANTED** in part and **DENIED** in part, as detailed above.

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-10-

Copies furnished to:

Counsel of Record
Unrepresented Parties