**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALAN HOROWITCH,**

          **Plaintiff,**

**-vs-**                                            **Case No. 6:06-CV-1703-Orl-19UAM**

**DIAMOND AIRCRAFT INDUSTRIES, INC.,**

          **Defendant.**

_____

## STANDING ORDER REGARDING PRIVILEGE LOGS

In order to establish a procedure for designating information and documents withheld from discovery in a case based on a privilege or protection, it is **ORDERED** that counsel and the parties shall follow the following procedure, unless and until superseded by another order:

As to each item of information or document, or portion thereof, withheld from production in response to a written discovery request or during a deposition, the party withholding the information or document shall serve upon opposing counsel and unrepresented parties a privilege log. The privilege log shall contain the following information:

    a.    The name and job title or capacity of the provider of the information or author of the document;

    b.    The name and job title or capacity of each recipient of the information or document;

    c. The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);

    d. The title and/or description of the information or document;

    e. The subject matter addressed in the information or document;

    f. The purpose(s) for which it was prepared or communicated; and

    g. The specific basis for the claim that it is privileged or protected.

Should the validity of the asserted privileges and protections be challenged, the party asserting the privileges and protections must provide the following in support of a motion for a protective order or in response to a motion to compel production of the allegedly privileged or protected information or documents: (1) a memorandum of law discussing the elements of each privilege or protection asserted; (2) the privilege log for the documents at issue; and, (3) an appendix containing "affidavits, deposition testimony, other sworn statements or other evidence" upon which the party relies to support each element of each asserted privilege or protection in dispute. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at * 5 (M.D. Fla. July 20, 1995). The appendix shall be organized so that the evidence submitted in support of the privileges or protections asserted is specifically correlated with the information or document to which the evidence applies. The privilege log, appendix and accompanying memorandum of law must be sufficient to establish a *prima facie* case to support assertion of each privilege or protection. No party may submit documents for the Court's *in camera* review, unless the Court issues a subsequent order requesting such submissions. *See id.* (court not required to undertake *in camera* review of documents when proponent of work

product doctrine has failed to meet its burden of presenting sufficient evidentiary support for application of the protection.).

The privilege log shall be served simultaneously with the response to written discovery requests in which information or documents are withheld based on the assertion of a privilege or protection. With respect to privileges and protections asserted during depositions, the information required in a privilege log shall be stated on the record at the time that the objection to disclosure of the information or document is made.

**DONE** and **ORDERED** in Orlando, Florida this 12th day of June, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record