**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALAN HOROWITCH,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1703-Orl-19KRS**

**DIAMOND AIRCRAFT INDUSTRIES, INC.,**

          **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION TO SEAL RECORDS (Doc. No. 65)**
>
> **FILED:** June 7, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff Alan Horowitch seeks specific performance of a contract, or in the alternative, damages for Defendant Diamond Aircraft, Inc.'s alleged breach of a contract for the sale of a "D-Jet," a light-weight single engine aircraft manufactured by Defendant Diamond Aircraft, Inc. ("Diamond"). Doc. No. 41. Plaintiff claims that Diamond agreed to sell Plaintiff a D-Jet for $850,000, but later breached the contract by refusing to sell the aircraft unless Plaintiff paid $1,380,000. Plaintiff also seeks damages for breach of the implied covenant of good faith and fair dealing and for unfair and deceptive trade practices. *Id* at 10-12.

On June 6, 2007, Diamond filed an unopposed motion to seal Exhibit 31 attached to the deposition transcript of Peter Maurer, Diamond's President, as well as Maurer's related deposition testimony. Doc. No. 65. Diamond plans to file these documents in support of its summary judgment motion, which Diamond has not yet filed.[1]

Diamond argues that Exhibit 31 and the related testimony contain "highly confidential" proprietary information such as engineering and financial data that Diamond used to establish the price and specifications of the D-Jet, but it did not present evidence to support that assertion. It also did not designate by page and line numbers the portions of the deposition that it wishes to file under seal.

Documents filed in support of dispositive motions are subject to the "common-law right of access," which means that the public has the right to inspect and copy documents filed with the Court. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001). In evaluating motions to seal, the district court must balance the party's interest in keeping the information confidential against the public interest in accessing court documents. *See id.* at 1314-15; *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). In balancing the interests, courts consider, *inter alia*:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

---

[1] I recently extended the dispositive motions deadline to July 5, 2007. Doc. No. 75 at 3.

*Romero*, 480 F.3d at 1246.  In addition, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Middle District of Florida Local Rule 1.09 also addresses requests to file papers under seal. It requires, among other things, that the movant show "the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interests advanced by the movant in support of the seal." Diamond has not addressed why Exhibit 31 and portions of Maurer's deposition related to that exhibit are necessary to support its proposed summary judgment motion, or why the exhibit could not be presented in a redacted or summarized form to protect the allegedly confidential information.

In any renewed motion, Diamond must specifically identify by page and line the portions of the deposition that it wishes to file under seal.  It must submit evidence supporting its assertion that the evidence in question is currently competitively sensitive information the release of which would likely cause harm to Diamond.  Further, it must discuss with counsel for Plaintiff Horowitch whether the information can be presented to the Court in a redacted or summarized form that would permit the Court to consider the substance of the information without revealing any competitively sensitive information.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties