UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALAN HOROWITCH,**

              **Plaintiff,**

**-vs-**                                                   **Case No.  6:06-CV-1703-Orl-19KRS**

**DIAMOND AIRCRAFT
INDUSTRIES, INC.,**

              **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Defendant Diamond Aircraft Industries, Inc.'s Renewed Motion And Memorandum For Certification Of Order For Appeal Pursuant To 28 U.S.C. § 1292(B) And Stay Of Proceedings Pending Appeal (Doc. No. 111, filed Sept. 28, 2007); and

2. Plaintiff Alan Horowitch's Response To The Renewed Motion And Memorandum For Certification Of Order For Appeal Pursuant To 28 U.S.C. § 1292(B) And Stay Of Proceedings Pending Appeal (Doc. No. 112, filed Oct. 1, 2007).

### Background

Defendant Diamond Aircraft Industries, Inc. moves this Court to certify for appeal, pursuant to 28 U.S.C. § 1292(b) (2006), the September 17, 2007 Order at Docket Number 108 and to stay proceedings pending the appeal. (Doc. No. 111.) Specifically, Defendant seeks certification of the following question: "whether Florida law would enforce a liquidated penalty provision that limits a buyer's remedy to a return of his deposit upon the seller's breach." (*Id.* at p. 4.) Plaintiff Alan Horowitch opposes Defendant's Motion, claiming certification is inappropriate because this question

is not controlling, there is no substantial ground for difference of opinion, and resolution will not materially advance the litigation. (Doc. No. 112 at pp. 1-3.)

## Analysis

The United States Code provides that a district judge may certify an order for appeal when the order involves "a controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). The Eleventh Circuit Court of Appeals has stated that an appellate court ought to grant permission for appeal under this Section on:

> (1) pure questions of law,
> (2) which are controlling of at least a substantial part of the case,
> (3) and which are specified by the district court in its order,
> (4) and about which there are substantial grounds for difference of opinion,
> (5) and whose resolution may well substantially reduce the amount of litigation necessary on remand.

*McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). The Court finds that its September 17, 2007 Order meets each of these requirements as set forth below.

### I. Controlling Question of Law

The issue presented by Defendant for certification of appealability is whether Florida law would enforce a contractual provision that limits a buyer's remedy to a return of his deposit upon the seller's breach. (Doc. No. 111 at p. 4.) If the provision is enforced, the breach of contract claim would fail because Plaintiff will have waived all claims against Defendant and limited his remedies to a return of his deposit. (Doc. No. 108 at pp. 8-9, 13-15.) The enforceability of the provision is

a pure legal question which would control a substantial part of the present case.[1]  Therefore, the first two requirements of the *McFarlin* standard are met.

   **II.**  **Substantial Ground for Difference of Opinion**

Defendant argues that there is substantial ground for difference opinion regarding the Court's finding that Florida law does not support the limitation of remedies provision contained in the contract at issue.  (*Id.* at p. 1.)  In support of this argument, Defendant offers the opinion of Judge Lawrence King of the United States District Court for the Southern District of Florida in a "virtually identical lawsuit" involving a similar contract between another plaintiff and Defendant Diamond Aircraft.  (*Id.* at pp. 1-2; Doc. No. 111-2); *Barnes v. Diamond Aircraft Industries, Inc.*, 499 F. Supp. 2d 1311 (S.D. Fla. 2007).  In *Barnes*, Judge King found that "Florida courts have upheld such limitations of remedy provisions in contracts where the limitation is mutual, unequivocal, and reasonable." *Barnes*, 499 F. Supp. 2d at 1318.  Judge King concluded that the limitation of remedies provision in the contract created by Defendant Diamond Aircraft was mutual and therefore valid under Florida law.  *Barnes*, 499 F. Supp. 2d at 1318.

Plaintiff argues that the Florida courts have long held that, in order for limitation of remedies clauses to be enforceable, they must be mutual.  (Doc. No. 112 at p. 1.)  As Plaintiff states, "Even if this case is appealed to the Eleventh Circuit Court of Appeals, that Court would be required to

---

[1] Plaintiff contends that "the issue of liquidated damages is not controlling since it will only resolve the breach of contract claim and not the unfair trade practices claim . . . ." (Doc. No. 112 at p. 3.) Plaintiff appears to construe Section 1292(b) as defining a "controlling question of law" as one that would dispose of the entire case. This is not the correct definition. A controlling question of law disposes of a *substantial* part of the case, not necessarily the entire case. *McFarlin*, 381 F.3d at 1264.

follow Florida law and decide the case in precisely the same manner as did this Court." (*Id.* at pp. 1-2.)

This Court agrees that the Florida District Courts of Appeal have consistently held that a provision limiting only the buyer's remedies to a return of his or her deposit upon the seller's breach lacks mutuality when the seller's remedies are not so limited. (Doc. No. 108 at pp. 13-15.) That being said, the Court has expressed reservations about striking, for lack of mutuality, a clearly stated and agreed-upon provision of a contract. (*Id.* at p. 14 n. 4.) There is no reported case on this issue decided by the Supreme Court of Florida. Given that the Florida District Courts of Appeal have not considered the issue in over fifteen years, the Court questions the continued viability of this law. (*Id.* at p. 13) (citing the most recent case as *Hackett v. J.R.L. Dev., Inc.*, 566 So. 2d 601 (Fla. 2d DCA 1990)). However, in a diversity action in which Florida law applies, any departures from decisions of the Florida District Courts of Appeal should be determined by the Florida Supreme Court rather than a federal court.

The Florida Supreme Court may answer certified questions of Florida law from "any circuit court of appeals of the United States." § 25.031, Fla. Stat. (2007). Since Florida law does not extend the Florida Supreme Court's jurisdiction to certified questions from federal district courts, this Court's recourse is to certify its September 17, 2007 Order to the Eleventh Circuit Court of Appeals. The Court finds that a substantial ground for difference of opinion exists and therefore the fourth *McFarlin* factor is met.

### III.    Material Advancement of Ultimate Termination of the Litigation

The Eleventh Circuit will grant permission for appeal under Section 1292(b) if resolution of the controlling question of law "may well substantially reduce the amount of litigation necessary

on remand." *McFarlin*, 381 F.3d at 1264.  As stated in Section I above, if the contractual provision at issue here is enforced, Plaintiff's breach of contract claim will fail.  Thus, resolution of the question in Defendant's favor may substantially reduce the amount of litigation because the parties will not have to try the breach of contract issue.  The last factor of the *McFarlin* test is met.

## Conclusion

Thus, the Court finds that this Florida law contractual issue is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.  Following the third requirement of the *McFarlin* standard, the Court specifies the controlling question of law as whether Florida law would enforce a contractual provision that limits a buyer's remedy to a return of his deposit upon the seller's breach.

Based on the foregoing, Defendant's Application for certification of appealability of the Court's September 17, 2007 Order at Docket Number 108 is **GRANTED**.  (Doc. No. 111.)  This case is stayed pending the appeal.  Defendant shall file a Notice of Appeal within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 3, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record