UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALAN HOROWITCH,**

    **Plaintiff,**

-vs-              Case No. 6:06-cv-1703-Orl-19KRS

**DIAMOND AIRCRAFT INDUSTRIES, INC.,**

    **Defendant.**

# ORDER

This case comes before the Court on the following:

1. Motion for Reconsideration of this Court's Summary Judgment Order by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 126, filed Dec. 12, 2008);

2. Judgment of the United States Court of Appeals for the Eleventh Circuit Dismissing the Interlocutory Appeal and Remanding the Case to the District Court for Further Proceedings (Doc. No. 127, filed Dec. 15, 2008); and

3. Response to Defendant's Motion to File Additional Motion for Summary Judgment and for Reconsideration (Doc. No. 129, filed Dec. 23, 2008).

## Background

This case arises out of a contractual agreement between Plaintiff Alan Horowitch and Defendant Diamond Aircraft Industries, Inc. ("Diamond Aircraft"). (Doc. No. 58 at 5, ¶ 24, filed May 25, 2007.) As claimed by Horowitch, the contract was "a binding legal agreement between HOROWITCH and DIAMOND for the purchase and sale of a Single Engine Jet Aircraft for the agreed upon price of $850,000.00." (*Id.*) Horowitch contends that Diamond Aircraft breached this

contract by unilaterally raising the purchase price of the aircraft to $1,380,000.00 and demanding that Horowitch "execute a new contract for the purchase of the subject aircraft at the increased price." (*Id.* at 6, ¶ 30.)

Horowitch brought this action alleging four counts: (1) specific performance; (2) in the alternative, breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) deceptive trade practices. (*Id.* at 7-13.) Diamond Aircraft denied all four of Plaintiff's claims and asserted the following affirmative defenses: (1) Horowitch failed to state a claim of deceptive trade practices upon which relief could be granted; (2) Horowitch contractually waived and released his claims against Diamond Aircraft, except for the return of his deposit in the amount of $20,000; and (3) Horowitch agreed in the contract that Diamond Aircraft could change the price and specifications without notice. (Doc. No. 45 at 8-15, filed Apr. 2, 2007.) Both sides moved for summary judgment. Horowitch sought summary judgment in his favor on Counts I and II of his Second Amended Complaint, (Doc. No. 91 at 1, filed July 5, 2007), and Diamond Aircraft sought summary judgment in its favor on all four counts of the Complaint, (Doc. No. 93 at 1, filed July 5, 2007). Both parties filed respective oppositions to these Motions for Summary Judgment. (Doc. No. 98, filed Aug. 6, 2007; Doc. No. 100, filed Aug. 17, 2007.)

Upon consideration of the Motions and Responses of the parties, the Court granted Diamond Aircraft's Motion for Summary Judgment on Count I, specific performance, denied its Motion as to the remaining counts, and denied Horowitch's Motion for Summary Judgment on Counts I and II. (Doc. No. 108, filed Sept. 17, 2007.) In reaching its decision, the Court declined to limit Horowitch's damages on the breach of contract claim to a return of his initial deposit of $20,000.00 as provided by the limitation of remedies provision in the contract. (*Id.* at 13-15.) The Court found

that this result, although troubling, was mandated by the holdings of Florida's intermediate appellate courts. (*Id.* at 14 & n.4.)

In their briefs to the Court on the Motions for Summary Judgment, both parties cited authority for the proposition that a limitation of remedies provision is enforceable in Florida only when the limitation is "mutual, unequivocal, and reasonable." (Doc. No. 93 at 13-14; *accord* Doc. No. 100 at 10-11.) The Court found similar case law in the real estate context, where Florida courts were unwilling to uphold provisions that limited a buyer's remedies to a return of the initial deposit, particularly when the contract provided for no similar limitations on the seller's remedies. (Doc. No. 108 at 13-15.) The Court expressed concern over the validity of the practice of invalidating express contractual provisions but followed what appeared to be Florida's case law on point and declined to limit Horowitch's remedies as provided in the contract. (*Id.*)

After the entry of the Court's Order on the Motions for Summary Judgment, Diamond Aircraft applied for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (2006) on the limitation of remedies issue. (Doc. No. 111, filed Sept. 28, 2007.) The Court granted this application, certifying the following issue: whether Florida law would enforce a contractual provision that limits a buyer's remedy to a return of his deposit upon the seller's breach. (Doc. No. 113 at 5, filed Oct. 3, 2007.) The case was stayed pending appeal. (*Id.*)

Initially, an administrative panel of the Eleventh Circuit Court of Appeals granted permission for Diamond Aircraft to appeal under 28 U.S.C. § 1292(b). (Doc. No. 116, filed Dec. 21, 2007.) After oral argument, however, the merits panel determined that the appeal was improvidently granted, vacated the order granting permission to appeal, denied permission to appeal, dismissed the

appeal without prejudice, and remanded the case to this Court for further proceedings. (Doc. No. 127, filed Dec. 15, 2008.)

Since dismissal of the interlocutory appeal, Diamond Aircraft has moved the Court to reconsider the portion of its summary judgment Order concerning the limitation on the damages available to Horowitch on his breach of contract claim. (Doc. No. 126.) Diamond Aircraft also asks the Court to permit the parties to provide supplemental summary judgment briefing on the issue. (*Id.* at 1.) In response, Horowitch opposes Diamond Aircraft's Motion and argues that supplemental briefing is unnecessary. (Doc. No. 129.)

**Standard of Review**

The Eleventh Circuit Court of Appeals has described a motion for reconsideration filed after the entry of final judgment as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment), depending on the nature of the relief sought. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Region 8 Forest Serv. Timber Purchases Council*, 993 F.2d at 806. This standard also applies to a motion for reconsideration of a non-final order, and such motion should be decided using the same analysis as a Rule 59(e) or Rule 60(b) motion.[1] *Id.*

---

[1] The timing limitations on motions for reconsideration of a final judgment are not applicable to motions for reconsideration of a non-final order. Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and
(continued...)

The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion for reconsideration should not be used to set forth new theories of law or to reiterate arguments previously made. *Mays*, 122 F.3d at 46; *Burger King Corp.*, 181 F. Supp. 2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Burger King Corp.*, 181 F. Supp. 2d at 1369.

**Analysis**

In its Motion for Reconsideration, Diamond Aircraft explains that the parties, while preparing for appeal on the issue of the validity of the contractual limitation of remedies, realized that the answer was provided by the Uniform Commercial Code ("U.C.C.") as adopted in Florida. (Doc. No. 126 at 4-5.) Specifically, Section 672.719 of the Florida Statutes states:

(a) The agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and

(b) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

---

[1] (...continued)
may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

§ 672.719(1), Fla. Stat. (2006). To support its position, Diamond Aircraft cites *Radiation Technology, Inc. v. Ware Construction Co.*, 445 So. 2d 329, 332 (Fla. 1983), a case in which the Florida Supreme Court "expressly enforced [a] limitation[] of remedies provision[] under this section." (Doc. No. 126 at 5.)

Horowitch opposes the Motion for Reconsideration for several reasons. First, Horowitch contends that the Motion is "yet another in Diamond's long line of tactics to unreasonably delay the trial of this matter." (Doc. No. 129 at 1, 8-9.) Secondly, he states that the statute upon which Diamond Aircraft relies "in no way alters established Florida law related to liquidated damages provisions" that such provisions must be reasonable and mutual. (*Id.* at 1-2, 9-14.) Because Horowitch does not seek to return the purchased goods, he contends that the limitation provision in the contract does not provide him with a reasonable remedy. (*Id.* at 12-13.) To support this assertion, Horowitch emphasizes the reasonableness requirement in another U.C.C. provision of the Florida Statutes which states:

> Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

§ 672.718(1), Fla. Stat. In addition, Horowitch argues that the Florida Supreme Court case cited by Diamond Aircraft is inapplicable because it involved "a case where the plaintiff brought a breach of warranty claim seeking damages for goods they [sic] bought and possessed, but which turned out to be defective." (Doc. No. 129 at 13.) Finally, Horowitch states that the factual context of this case demonstrates Diamond Aircraft's bad faith and provides an additional justification for finding the limitations provision to be unconscionable. (*Id.* at 13-14.)

Upon review of the newly-cited law and briefing of the parties, the Court finds that Diamond Aircraft has the better argument. The mutuality of obligation requirement set forth in Florida's case law appears to apply to real estate purchase contracts which are not governed by the U.C.C. and not to contracts for the sale of goods which are so governed. 8 Fla. Prac. Constr. Manual § 7:18 (2008-2009 ed.) (citing *Terraces of Boca Assocs. v. Gladstein*, 543 So. 2d 1303 (Fla. 4th DCA 1989)). Moreover, the primary focus of the reasonableness requirement in Section 672.718(1) of the Florida Statutes is whether the provided-for damages are unreasonably large and therefore unenforceable as a penalty provision. *See* Restatement (Second) Contracts § 356 (1981). While Horowitch is correct that "[a] term that fixes an unreasonably small amount as damages may be unenforceable as unconscionable," *id.* cmt. a, Horowitch has not demonstrated that a return of his initial deposit is an unconscionably small damages amount.

A liquidated damages provision must be "reasonable in the light of the anticipated or actual harm caused by the breach." § 672.718(1), Fla. Stat. Horowitch argues that Diamond Aircraft acted in bad faith and states that a return of his deposit is in fact no remedy at all. (Doc. No. 129 at 11, 13.) What Horowitch fails to realize, however, is that "[t]he central objective behind the system of contract remedies is compensatory, not punitive." Restatement (Second) Contracts § 356 cmt. a. Horowitch has not offered evidence of economic losses which render a return of his $20,000.00 deposit as damages to be unconscionably small. Therefore, the limitation of remedies provision stands. *See, e.g.*, *Jet Sales of Stuart, LLC v. Jet Connection Travel, GMBH*, 240 F. App'x 839, 840-41 (11th Cir. 2007) (affirming the district court's finding in a case involving an aircraft purchase contract that the provision limiting the plaintiff's damages to a return of the initial deposit and reimbursement for the costs of aircraft inspection was valid and enforceable); *Barnes v. Diamond*

*Aircraft Indus., Inc.*, 499 F. Supp. 2d 1311, 1318 (S.D. Fla. 2007) (finding a limitation provision identical to the one in the instant case to be valid and enforceable).

Having found that the limitation of remedies provision in the parties' contract is valid, the Court concludes that reconsideration of its Order on the Motions for Summary Judgment is warranted. Specifically, the Court vacates its previous decision finding the contractual limitation of remedies provision to be invalid and determines that Horowitch is limited to a return of his $20,000 initial deposit for damages arising from the contract.

## Conclusion

Based on the foregoing, the Motion for Reconsideration of this Court's Summary Judgment Order by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 126, filed Dec. 12, 2008) is **GRANTED**; Section III.A of the Court's Order on the parties' Motions for Summary Judgment (Doc. No. 108 at 13-15, filed Sept. 17, 2007) is **VACATED**; and Horowitch's remedies for breach of contract are limited to a return of his $20,000 initial deposit. The parties have leave, within ten (10) days from the date of this Order, to provide memoranda not to exceed five (5) pages notifying the Court of what, if any, further relief is warranted given the Court's findings herein and whether additional briefing is required.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 1, 2009.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party