UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN HOROWITCH,

                    Plaintiff,

-vs-                                                    Case No.  6:06-cv-1703-Orl-19KRS

DIAMOND AIRCRAFT INDUSTRIES, INC.,

                    Defendant.
_____

# ORDER

This case comes before the Court on the following:

1.    Motion in Limine and Memorandum of Law to Exclude Plaintiff's Evidence at Trial
      by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 150, filed Sept. 28, 2009);

2.    Motion for Leave to Amend Complaint (if Necessary) and Memorandum in Support
      Thereof by Plaintiff Alan Horowitch (Doc. No. 153, filed Oct. 1, 2009);

3.    Response to Defendant's Motion in Limine and Memorandum of Law by Plaintiff
      Alan Horowitch (Doc. No. 157, filed Oct. 13, 2009);

4.    Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint (if
      Necessary) by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 160, filed Oct.
      15, 2009);

5.    Motion for Leave to File Motion in Limine to Address Newly Raised Legal Theory
      of Concealment by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 163, filed
      Oct. 19, 2009); and

6.  Response to Diamond's Motion for Leave to File Motion in Limine by Plaintiff Alan Horowitch (Doc. No. 167, filed Nov. 2, 2009).

**Background**

This case arises out of a contractual agreement between Plaintiff Alan Horowitch and Defendant Diamond Aircraft Industries, Inc. ("Diamond Aircraft"). (Doc. No. 58 at 5, ¶ 24, filed May 25, 2007.) Horowitch contends that he contracted with Diamond Aircraft to purchase a Single Engine Jet Aircraft from Diamond Aircraft for $850,000.00 and that Diamond Aircraft breached the contract by unilaterally raising the purchase price of the aircraft to $1,380,000.00 and by demanding that Horowitch execute a new contract to reflect the increased price. (*Id.* ¶¶ 24, 30.)

Horowitch brought this action alleging four counts against Diamond Aircraft: (1) specific performance; (2) in the alternative, breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) deceptive trade practices. (*Id.* at 7-13.) The Court granted summary judgment in favor of Diamond Aircraft on Counts I - III, leaving only the deceptive trade practices claim for trial. (*See* Doc. Nos. 108, 138, 142.)

On September 4, 2007, the parties filed a Joint Pretrial Statement stipulating that "[i]n the event this Court determines that Arizona's unfair trade practices law applies to Dr. Horowitch's claims for unfair trade practices, Dr. Horowitch is also seeking punitive damages." (Doc. No. 105 at 13-14.) On September 17, 2007, the Court held that the Arizona Consumer Fraud Act, A.R.S. § 44-1522 ("ACFA"), governed Plaintiff's deceptive trade practices claim. (Doc. No. 108 at 20.) Over two years later, Plaintiff renewed his claim for punitive damages in the Revised Joint Pretrial Statement. (Doc. No. 149, filed Sept. 28, 2009, at 16.) In response, Defendant argued that the punitive damages claim was improper because the pleadings did not contain a claim for punitive

damages. (*Id.* at 17.) On October 1, 2009, Horowitch moved for leave to amend the complaint[1] to add a claim for punitive damages under the ACFA if such a claim did not already arise from the initial Joint Pretrial Statement. (Doc. No. 153.) Diamond Aircraft argued in opposition that it would be unfairly prejudiced if Horowitch's punitive damages claim was allowed to go to trial.[2] (Doc. No. 150 at 15-16; Doc. No. 160.)

In addition, Diamond Aircraft filed a Motion in Limine to exclude (1) the testimony of Plaintiff's expert witness, John Jenkins; (2) statements, advertisements, or other written or verbal communications made by Diamond Aircraft after Horowitch signed the contract on March 17, 2003; (3) evidence related to Diamond Aircraft's other customers; (4) evidence that Diamond modified the contract form and later titled it a "reserved position order form"; and (5) evidence that Diamond's conduct was anti-competitive or an unfair trade practice. (Doc. No. 150 at 1-3.) Plaintiff Horowitch responded in opposition. (Doc. No. 157.) Diamond Aircraft then moved for leave of the court to file an additional motion in limine regarding the concealment theory for liability under the ACFA advanced by Horowitch. (Doc. No. 163.) Horowitch filed a response in opposition. (Doc. No. 167.)

### Standards of Review

**I.  Motion to Amend the Pleadings Where a Pretrial Statement Has Been Filed**

When a plaintiff files a motion for leave to amend a pleading after the applicable scheduling order deadline has passed, the plaintiff is in effect seeking to modify this deadline. *Sosa v. Airprint*

---

[1]  The Case Management and Scheduling Order set a deadline of February 16, 2007, to amend the pleadings. (Doc. No. 27, filed Jan. 8, 2007.)

[2]  This case is set for the November 2009 trial term (Doc. No. 146), and the trial is scheduled to begin on December 1, 2009. (Doc. No. 159.)

*Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Therefore, the applicable standard is found in

Federal Rules of Civil Procedure 16 for the modification of deadlines rather than Rule 15 for the

amendment of pleadings. *Id.*

Rule 16 provides that a scheduling order may be modified only for good cause and with the

judge's consent. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless

the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d

at 1418. An untimely motion to amend a pleading is distinctly disfavored under the Local Rules of

this District. *See* Local Rule 3.05(c)(2)(E).

However, once a pretrial statement has been filed by the parties, "[a]ll pleadings filed by any

party prior to the filing of the pretrial statement shall be deemed to be merged therein, or in any

subsequent pretrial order entered by the Court." Local Rule 3.06(e). Thus, amending the pleadings

to conform with the pretrial statement is not necessary because the pretrial statement supersedes the

pleadings and like the pleadings, puts the parties on notice of the issues to be tried. *Delta Health*

*Group Inc. v. Royal Surplus Lines Ins. Co.*, 327 F. App'x 860, 867 (11th Cir. 2009); *Jackson v.*

*Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1012 (11th Cir. 1982). The pretrial statement cannot

be amended "except by order of the Court in the furtherance of justice." Local Rule 3.06(e).

**II. Leave to File Motion in Limine**

Pursuant to the Case Management and Scheduling Order, no motions of any nature including

motions in limine may be filed later than twenty (20) days prior to the beginning of the trial term

for this case. (Doc. No. 27 at 2.) A motion for leave to file a motion in limine beyond this deadline

is effectively a motion seeking to modify this deadline. *See Sosa*, 133 F.3d 1419. The deadline will

not be extended absent a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

**Analysis**

**I. Punitive Damages Claim under the ACFA by Plaintiff Horowitch**

Plaintiff argues that a punitive damages claim under the ACFA already exists in this case because Defendant failed to object to the assertion of such a claim in the initial Joint Pretrial Statement. (Doc. No. 153 at 1.) Alternatively, Plaintiff asserts that good cause exists to amend the Complaint to include a punitive damages claim under the ACFA. (*Id.*) Defendant argues in response that its failure to object to the punitive damage claim in the initial Joint Pretrial Statement had no legal effect because there was no pending ACFA claim when that Statement was filed. (Doc. No. 160 at 2.) Defendant further maintains that it would be prejudiced by an amendment to the pleadings on the eve of trial because discovery has not been conducted on the issue of punitive damages, Plaintiff cannot establish good cause to amend the pleadings, and leave to amend would be futile. (*Id.* at 10, 12, 13.)

The Joint Pretrial Statement dated September 4, 2007, stipulates, "[i]n the event this Court determines that Arizona's unfair trade practices law applies to Dr. Horowitch's claims for unfair trade practices, Dr. Horowitch is also seeking punitive damages." (Doc. No. 105 at 13-14.) When the Court held on September 17, 2007, that the Arizona Consumer Fraud Act, A.R.S. § 44-1522 ("ACFA"), governed Plaintiff's deceptive trade practices claim, the punitive damages claim made in the Joint Pretrial Statement ripened into a live issue. (Doc. No. 108 at 20-22.) Because the

punitive damages claim was made in the Joint Pretrial Statement[3] and because pretrial statements supersede the pleadings, Local Rule 3.06(e); *Delta Health Group Inc.*, 327 F. App'x at 867,[4] it was unnecessary to amend the pleadings to include a claim for punitive damages.

Although the punitive damages claim was properly added to this case through the Joint Pretrial Statement, the Court may amend the Joint Pretrial Statement and remove the claim for punitive damages in the furtherance of justice. Local Rule 3.06(e). In the two years since the punitive damages claim was added to this case, however, neither party has moved to reopen discovery or to file a dispositive motion on the issue of punitive damages. Because Diamond Aircraft never moved to reopen discovery,[5] it cannot claim prejudice on the eve of trial from the absence of discovery on the punitive damages claims.

Defendant cites *Allapattah Servs., Inc. v. Exxon Corp.*, 61 F. Supp. 2d 1326 (S.D. Fla. 1999), for the proposition that an attempt to interject punitive damages into a case after the close of discovery must be rejected. (Doc. No. 160 at 7-8.) In *Allapattah*, the court rejected the plaintiff's attempt to amend the complaint to add a claim for punitive damages because it would "necessitate reopening discovery, necessarily causing significant delay in the proceedings and substantial undue

---

[3] The initial Pretrial Statement was superseded by the Revised Joint Pretrial Statement. (Doc. No. 149.) Horowitch maintained his ACFA punitive damages claim in the Revised Joint Pretrial Statement. (*Id.* at 16.)

[4] Pursuant to Local Rule 3.06(e), the pleadings are merged into any pretrial statement or pretrial order entered. Thus, the distinction drawn by the Defendant between cases involving pretrial orders and pretrial statements does not affect the result reached by the Court here. (Doc. No. 160 at 9-10.)

[5] Diamond Aircraft maintains that it did not sit idly by when the ACFA was injected into this case because it immediately appealed the Order placing the ACFA at issue. (Doc. No. 160 at 4.) However, this case was stayed pending appeal only between October 3, 2007 and December 15, 2008 (Doc. Nos. 113, 127), and Diamond Aircraft did not move to reopen discovery at any time after December 15, 2008.

prejudice to [the defendant]." *Id.* at 1334. However, Diamond Aircraft is not similarly prejudiced by the ACFA punitive damages claim because Diamond Aircraft, unlike the defendant in *Allapattah*, did not claim prejudice at the time that the Plaintiff attempted to add a claim for punitive damages under the ACFA. *Id.* Rather, Diamond Aircraft first raised the issue two years after the ACFA punitive damages claim was added to this case. (Doc. No. 108 at 20-22.) Moreover, the Joint Pretrial Statement containing the ACFA punitive damages claim was signed and filed not only by Horowitch but also by Diamond Aircraft. (Doc. No. 105 at 39-40.) Any prejudice to Diamond Aircraft resulting from the punitive damages claim was of its own making and thus cannot support amending the pretrial statement to remove the claim for punitive damages.

## II. Evidentiary Objections by Defendant Diamond Aircraft

### A. Expert Testimony of John Jenkins

Defendant seeks to exclude the testimony of Plaintiff's expert witness, John Jenkins, claiming that his testimony is irrelevant to the lone remaining issue in the case, whether Defendant violated the ACFA. (Doc. No. 150 at 7-8.) Plaintiff responds in opposition that Jenkins' testimony is relevant to portions of the ACFA claim, in particular whether Diamond Aircraft's statements were misleading, whether Horowitch actually relied on the alleged misrepresentations of Diamond Aircraft, and the amount of Horowitch's damages. (Doc. No. 157 at 5-8.)

The standard for relevance under the Federal Rules of Evidence sets a very low bar: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is presumptively admissible and may be excluded under Rule 403 only if "its probative value is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Because the parties dispute whether Jenkins' testimony is relevant to the ACFA claim, it is appropriate to set forth the elements of an ACFA claim and then determine if Jenkins' proposed testimony would make the existence of any fact satisfying an element of the ACFA claim more or less probable.

The Arizona Consumer Fraud Act provides:

The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

A.R.S. § 44-1522 (2009). Arizona courts recognize a private right of action for violation of this statute. *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122 (Ariz. 1974) ("[A] person who has been damaged by the practices declared to be unlawful may exert a claim by reason of such acts.") The statute prohibits (1) "any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation" and (2) "concealment, suppression or omission of any material fact." A.R.S. § 44-1522. These two theories of liability, deception and concealment, are comprised of different elements. The elements of a claim of deception are (1) a false promise or misrepresentation made in connection with the sale or advertisement of merchandise; (2) intent to perform the act constituting a false promise or misrepresentation; (3) actual reliance by the plaintiff on the false promise or misrepresentation, even if unreasonable; and (4) consequent and proximate injury resulting from the false promise or misrepresentation. *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004); *State ex rel. Babbitt v. Goodyear Tire & Rubber Co.*, 626 P.2d 1115, 1118

(Ariz. Ct. App. 1981); *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. Ct. App. 1979). A claim of concealment requires (1) the concealment, suppression, or omission of a material fact made in connection with the sale or advertisement of merchandise; (2) intent to perform the act constituting concealment, suppression, or omission; (3) intent that others rely upon such concealment, suppression or omission; (4) actual reliance by the plaintiff on the concealment or omission, even if unreasonable; and (5) consequent and proximate injury resulting from the concealment, suppression, or omission. *Sellinger*, 521 P.2d at 1122; *Kuehn*, 91 P.3d at 351; *State ex rel. Babbitt*, 626 P.2d at 1118 n.1; *Parks*, 591 P.2d at 1008.

Under either theory of liability, a plaintiff may only recover "actual damages," *Peery v. Hansen*, 585 P.2d 574, 578 (Ariz. Ct. App. 1978), meaning "out-of-pocket expenses caused by conduct prohibited by A.R.S. Sec. 44-1522." *Parks*, 591 P.2d at 1009. Out-of-pocket expenses include all sums expended by the plaintiff in reliance on the deception or concealment, including consideration paid on a contract and sums outlaid to third parties. *See id.* ("[D]amages in this context include out-of-pocket expenses compensable under *Jennings*."); *Jennings v. Lee*, 461 P.2d 161, 167 (Ariz. 1969) ("[A] defrauded party may not only receive back the consideration he gave, but also may recover any sums that are necessary to restore him to his position prior to the making of the contract."); *see also Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992). Stated another way, "actual damages" include all sums needed to restore a party to the position it occupied before the wrongful conduct. No Arizona case has permitted the recovery of "benefit of the bargain" damages, consequential damages, or attorney's fees under the ACPA. Punitive damages are awarded, however, where the conduct of the wrongdoer is wanton, reckless, or spiteful, or where

there is a reckless indifference to the interest of others. *Cearley v. Wieser*, 727 P.2d 346, 348-49 (Ariz. Ct. App. 1986).

Plaintiff Horowitch claims that Jenkins will testify about the custom and practice in the aircraft industry for aircraft manufacturers to offer advance purchase order contracts, the use and inclusion of "escalation clauses" in such contracts, his review of the D-Jet Aircraft and Accessories Price List and Order Form signed by the parties ("Order Form"), and Horowitch's "benefit of the bargain" damages. (Doc. No. 157 at 6-7; Doc. No. 149 at 12-13.) Defendant Diamond Aircraft objects to all such testimony. (Doc. No. 150 at 7-8.)

Any testimony by Jenkins as to the legal construction or effect of the Order Form is irrelevant and thus inadmissible because this Court has granted summary judgment to Diamond Aircraft on the breach of contract claim. (Doc. No. 142 at 7.) Jenkins' testimony as to the "benefit of the bargain" to Horowitch is also irrelevant and inadmissable because only out-of-pocket expenses, not benefit of the bargain damages, may be recovered under the ACFA. *Parks*, 591 P.2d at 1009; *Jennings*, 461 P.2d at 167.

Neither party identifies any specific proposed testimony by Jenkins as to industry practice or custom of aircraft transactions and why that party would be prejudiced by the Court reserving ruling on objections to such testimony until raised at trial. Motions in limine are most appropriate when filed to prevent a party from attempting to introduce such highly prejudicial evidence that the mere mentioning of the evidence could not be remedied by an instruction to disregard. *See* Black's Law Dictionary 1109 (9th ed. 2009). This concern is much greater in a jury trial than a bench trial. Because the parties do not specifically describe Jenkins' proposed testimony of industry custom and the purpose for which it is offered and because no party asserts that the mere attempted introduction

of this evidence will unduly prejudice it, the Defendant's remaining objections to Jenkins' testimony should be addressed when raised at trial. *See Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009); *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F. Supp. 2d 794, 811 (M.D. Fla. 2007). Thus, Jenkins' expert testimony is inadmissible to interpret the Order Form and to establish Horowitch's benefit of the bargain damages, and the Court reserves ruling on the remaining objections to Jenkins' testimony until raised at trial.

### B. Diamond Aircraft's Post-Contractual Communications

Diamond Aircraft asserts that the statements it made after Horowitch signed the Order Form on March 17, 2003, are inadmissible to prove that he relied on such statements in signing the Order Form. (Doc. No. 150 at 11-12.) Horowitch argues in response the statements are admissible because they are probative of Diamond Aircraft's intent to conceal material facts from him and whether punitive damages should be awarded. (Doc. No. 157 at 8-11.)

Under both the deception and concealment theories for an ACPA claim, Horowitch must prove that he actually relied on statements by Diamond Aircraft which caused his injury. *Parks*, 591 P.2d at 1008. Statements made by Diamond Aircraft after Horowitch signed the Order Form cannot tend to prove such reliance. *See Kuehn*, 91 P.3d at 352 (holding that the plaintiff could not detrimentally rely on an appraisal report in signing a real estate contract because the appraisal report was made after the plaintiff signed the real estate contract). Horowitch's argument that the statements are admissible for other purposes is beyond the scope of Diamond Aircraft's objection. (Doc. No. 157 at 8-11.) Thus, the statements made by Diamond Aircraft after March 17, 2003, are inadmissible to prove that Horowitch actually relied on such statements in signing the Order Form. The Court reserves ruling on all other evidentiary objections pertaining to such statements.

### C.  Testimony from Other Diamond Aircraft Customers

Diamond Aircraft asserts that "evidence related to other Diamond [Aircraft] customers" is irrelevant and thus inadmissible to prove that Diamond's conduct was an unfair trade practice, that Horowitch's reliance on Diamond Aircraft was reasonable, and that Diamond intended to deceive Horowitch.  (Doc. No. 150 at 12-13.)  Horowitch responds in opposition, claiming that evidence relating to Diamond Aircraft's other customers is relevant because it tends to prove intent, punitive damages, and reliance.  (Doc. No. 157 at 11-13.)

Horowitch cannot introduce evidence related to other Diamond Aircraft customers to prove that Diamond's conduct was an unfair trade practice because the ACFA does not recognize a cause of action for unfair trade practices.  *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 350 F. Supp. 2d 160, 178 (D. Me. 2004).  The Court cannot rule on Diamond Aircraft's other grounds for objection at this time because the "evidence related to other Diamond [Aircraft] customers" is not described with any specificity.  *See supra* part II.A.  Thus, the Court must reserve ruling on such objections until made at trial.

### D.  Evidence that Diamond Aircraft Modified the Order Form

Diamond Aircraft argues that evidence that it modified the Order Form and later titled it a "reserved position order form" is a subsequent remedial measure and thus inadmissible to prove that it knew the Order Form was a binding contract pursuant to Rule 407 of the Federal Rules of Evidence.  (Doc. No. 150 at 14.)  Horowitch maintains that Rule 407 does not apply because the alleged revisions occurred before Horowitch was injured.  (Doc. No. 157 at 14.)

Rule 407 of the Federal Rules of Evidence provides:

When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur,

> evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The admissibility of evidence under Rule 407 depends upon the purpose for which the evidence is introduced. *See* Fed. R. Evid. 407 ("This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.") The parties do not specify any proper purpose[6] for which Horowitch will offer Diamond Aircraft's modifications of the Order Form as evidence. Thus, the Court is unable to determine at this time whether evidence of Diamond Aircraft's modifications to the Order Form should be excluded pursuant to Rule 407. The Court reserves ruling on this objection until made at trial.

### E. Evidence of Anti-competitive Practices and a "Bait and Switch" Scheme

Diamond Aircraft moves to exclude as irrelevant all evidence offered by Horowitch to prove that it engaged in anti-competitive conduct with its competitors. (Doc. No. 150 at 14-15.) Horowitch claims that evidence of anti-competitive conduct tends to prove a "bait and switch" scheme which is prohibited by the ACFA. (Doc. No. 157 at 16-17.)

Diamond correctly points out that the ACFA does not recognize a cause of action for unfair trade practices. *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 350 F. Supp. 2d at 178. However, the "bait and switch" scheme alleged by Horowitch is more than a mere unfair

---

[6] Horowitch cannot introduce evidence that Diamond Aircraft modified the Order Form to prove that Diamond Aircraft considered the Order Form to be a contract because this Court has already granted summary judgment to Diamond Aircraft on the breach of contract issue. (Doc. No. 142 at 7.)

trade practice; it is also actionable deception under the ACFA. The ACFA prohibits "any . . .

deceptive act or practice," and directs courts to look to the Federal Trade Commission Act ("FTC

Act") and decisions interpreting it for guidance in enforcing the ACFA. A.R.S. § 44-1522(a),(c).

"Bait and switch" schemes are actionable under the FTC Act. *See* 16 C.F.R. § 238.4 ("No practice

should be pursued by an advertiser, in the event of sale of the advertised product, of "unselling" with

the intent and purpose of selling other merchandise in its stead. [i.e.] (a) Accepting a deposit for the

advertised product, then switching the purchaser to a higher-priced product."). Moreover, "bait and

switch" schemes are deceptive practices because they are "likely to mislead" consumers. *See In re

Int'l Harvester Co.*, 104 F.T.C. 949 (1984); *In the Matter of Cliffdale Assocs., Inc.*, 103 F.T.C. 110

(1984); *Southwest Sunsites, Inc. v. Federal Trade Comm'n*, 785 F.2d 1431, 1436 (9th Cir. 1986).

Because a "bait and switch" scheme is a deceptive practice and because deceptive practices are

prohibited by the ACPA, evidence of anti-competitive conduct tending to prove a "bait and switch"

scheme by Diamond Aircraft is relevant to whether it violated the ACFA. Thus, Defendant

Diamond Aircraft's objection to the introduction of evidence to prove a "bait and switch" scheme

as irrelevant must be overruled.

### III. Motion for Leave to File Motion in Limine to Address Concealment Theory

Diamond Aircraft has moved for leave to file a motion in limine "to address" the

concealment theory for liability under the ACFA raised by Horowitch. (Doc. No. 163 at 1.)

Diamond Aircraft asserts that Horowitch first advanced the concealment theory in response to

Diamond Aircraft's First Motion in Limine, that Horowitch suddenly advanced this theory merely

to avoid Diamond Aircraft's motion in limine arguments, and that Diamond Aircraft would be

prejudiced if not allowed to file a second motion in limine. (*Id.* at 1-2.) However, Diamond Aircraft

does not identify any particular evidence that would be challenged by the motion. Rather, if leave is granted, Diamond Aircraft states that it will object to all evidence offered by Horowitch to prove the concealment theory under the ACFA on the grounds that the parties never took discovery on concealment or briefed the issue. (*Id.* at 2.)

The reasons for not striking Plaintiff's claim for punitive damages under the ACFA are equally applicable to deny Diamond Aircraft leave to file a second motion in limine. On September 17, 2007, this Court entered an Order holding that the ACFA applied in this case. (Doc. No. 108 at 20-22.) At no subsequent time did Diamond Aircraft move the Court to reopen discovery in light of the application of the ACPA to this case. Diamond Aircraft also did not seek to modify the Joint Pretrial Statement to limit the theories of liability under the ACFA that Horowitch would assert. Moreover, the parties stipulated to a statement of law that the ACFA is violated by either deception or concealment. (Doc. No. 149 at 42.) Any prejudice suffered by Diamond Aircraft in defending the ACFA claim under a concealment theory can be attributed to its own inaction until the eve of trial. Thus, leave to file a motion in limine to exclude all evidence of concealment must be denied.

## Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.      The Court **GRANTS in part**, **DENIES in part**, and **RESERVES RULING in part** Defendant's Motion in Limine (Doc. No. 150) as follows:

    a.      The Court **GRANTS** the Motion to exclude John Jenkins' testimony as to the legal construction or effect of the D-Jet Aircraft and Accessories Price List and Order Form signed by Horowitch;

b.      The Court **GRANTS** the Motion to exclude John Jenkins' testimony introduced to prove "benefit of the bargain" damages;

c.      The Court **GRANTS** the Motion to exclude statements made by Diamond Aircraft after Horowitch signed the Order Form on March 17, 2003, introduced to prove that Horowitch relied on such statements in signing the Order Form;

d.      The Court **GRANTS** the Motion to exclude any evidence introduced to prove an unfair trade practice by Diamond Aircraft; and

e.      The Court **DENIES** the Motion to exclude evidence of a "bait and switch scheme" by Diamond Aircraft.

The Court **RESERVES RULING** on all other issues raised by the Defendant.

2.      The Motion for Leave to Amend Complaint (if Necessary) and Memorandum in Support Thereof by Plaintiff Alan Horowitch (Doc. No. 153) is **DENIED**. A claim for punitive damages under the ACFA was properly raised by the Joint Pretrial Statement (Doc. No. 105) and Order of this Court (Doc. No. 108).

3.      The Motion for Leave to File Motion in Limine to Address Newly Raised Legal Theory of Concealment by Defendant Diamond Aircraft (Doc. No. 163) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 8, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record