# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALAN HOROWITCH,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1703-Orl-19KRS**

**DIAMOND AIRCRAFT INDUSTRIES, INC.,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 196)** |
| **FILED:** | **January 5, 2010** |

### I. PROCEDURAL HISTORY.

Plaintiff Alan Horowitch filed suit against Defendant Diamond Aircraft Industries, Inc. ("Diamond"), alleging that, in June 2004, he entered into a contract to purchase a "D-Jet" aircraft from Diamond for $850,000.00, and that, in August 2006, Diamond breached the contract by refusing to sell the aircraft unless Horowitch paid $1,380,000.00. Horowitch asserted four claims: specific performance (Count I); in the alternative, breach of contract (Count II); breach of the implied

covenants of good faith and fair dealing (Count III); and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count IV). Doc. No. 58.

In May 2007, Diamond served an Offer of Judgment on Horowitch pursuant to section 768.79, Florida Statutes. In it, Diamond offered to pay Horowitch $40,000.00 "to resolve all claims that were or could have been asserted by Plaintiff against Diamond Aircraft in the Amended Complaint filed March 15, 2007. The condition of this offer is that Plaintiff will dismiss his pending claims against Diamond Aircraft, with prejudice to re-file." Doc. Nos. 196-1, 199-1. The Offer of Judgment was sent via a cover letter; it did not contain and was not accompanied by a certificate of service. Doc. No. 196-1; Custer Aff., Doc. No. 199-1 ¶ 5. Horowitch did not accept the Offer of Judgment.

Thereafter, the parties filed summary judgment motions. Doc. Nos. 91, 93. Horowitch sought summary judgment on Counts I and II, and Diamond sought summary judgment on all four counts. The Court denied Horowitch's summary judgment motion, and granted Diamond's motion as to Counts I, II, and III, but denied its motion as to Count IV. Doc. Nos. 108, 138, 142. As to Count IV, the Court found based on a choice-of-law analysis that Arizona tort substantive law applied to the deceptive trade practices claim. Doc. No. 108 at 20.

On December 8 and 9, 2009, the Court held a bench trial on Horowitch's deceptive trade practices claim. Doc. Nos. 178, 187. The Court noted that the only issue before it was whether Diamond violated the Arizona Consumer Fraud Act (ACFA) by engaging in a scheme to sell a single engine jet aircraft to Horowitch, who was an Arizona resident. *See* Doc. No. 192 at 1-2. The Court ruled that Diamond did not violate the ACFA. *Id.* at 28. Judgment was entered in favor of Diamond. Doc. No. 193.

On January 5, 2010, Diamond filed the present motion seeking a finding that it is entitled to an award of attorney's fees and costs. Doc. No. 196.[1] In support of the motion, Diamond submitted a copy of the Offer of Judgment, Doc. No. 196-1, the affidavits of Hala Sandridge, Esq., L. Robert Bourgeois, Esq., Patrick Egan, Esq., and James Washburn, Esq., Doc. Nos. 196-2 through 196-5, and some cost ledgers, Doc. Nos. 196-2 at 6-10, 196-3 at 4, 196-4 at 4, 196-5 at 5.

Horowitch filed a response in opposition to Diamond's motion. Doc. No. 199. In support of its response, Horowitch submitted the affidavit of William Custer, Esq., and a copy of the Offer of Judgment. Doc. No. 199-1.

Diamond filed a reply to Horowitch's response to Diamond's motion with leave of Court. Doc. No. 202.

This matter was referred to me for issuance of a Report and Recommendation.

## II. ANALYSIS.

Under the American Rule, a prevailing party is ordinarily not entitled to recover attorney's fees except by contract or statute. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). Diamond asserts that, as the prevailing party in this case, it is entitled to an award of attorney's fees under Florida's offer of judgment statute, section 768.79, Florida Statutes, and under the FDUTPA, section 501.2105, Florida Statutes.

---

[1] Diamond also filed a Bill of Costs on February 5, 2010, which was taxed by the Clerk of Court. Doc. Nos. 203, 204. Horowitch filed a motion for judicial review of the Clerk's taxing of costs, to which Diamond has responded. Doc. Nos. 207, 208. I will address the issue of costs in a separate Report and Recommendation. Thus, the only issue before the Court at this time is Diamond's entitlement to an award of attorney's fees.

### A. *Offer of Judgment Statute.*

Diamond asserts that it is entitled to attorney's fees under section 768.79, Florida Statutes, because it made a formal offer of judgment of $40,000.00 to Horowitch, Horowitch did not accept the offer, and Horowitch did not recover a judgment in this case. Horowitch argues that Diamond is not entitled to attorney's fees under section 768.79 because: (1) the statute is inapplicable to the instant case; (2) Diamond's offer of judgment was procedurally defective; and (3) even if the statute does apply, consideration of criteria set forth in the statute weighs against a fee award. I address these arguments in turn.

### 1. Applicability of Section 768.79.

The United States Court of Appeals for the Eleventh Circuit has found that Florida's offer of judgment statute is substantive law in diversity cases such as this one for purposes of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) (*Erie*).[2] *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) (citing *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309-10 (11th Cir. 2007)). Thus, section 768.79, rather than the federal offer of judgment rule, governs in this case. *See Menchise*, 532 F.3d at 1152-53 (holding that Fed. R. Civ. P. 68 does not preempt section 768.79).

Section 768.79 provides in pertinent part as follows: "In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability . . . ." § 768.79(1), Fla. Stat. (2009).

---

[2] The instant case was originally filed in state court, and was removed to this Court on the basis of diversity jurisdiction. *See* Doc. No. 1.

-4-

Horowitch contends that section 768.79 does not apply to the instant case because it involves both legal and equitable claims,[3] relying upon *Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Property Owners Ass'n, Inc.,* 22 So. 3d 140 (Fla. 4th Dist. Ct. App. 2009) (*Polo*). In *Polo*, the plaintiff sought declaratory and injunctive relief as well as damages. The defendant served three proposals for settlement under section 768.79 and offered to pay $1,001.00 "'as a complete and final resolution and settlement of all claims asserted by [Palm Beach Polo] against [Association] in this action.'" *Id.* at 142. The plaintiff did not accept the offers. After a non-jury trial, the court entered judgment in favor of the defendant. The defendant thereafter sought payment of attorney's fees and costs under section 768.79.

Because section 768.79 applies only to a "civil action for damages," the Fourth District Court of Appeal held that "when an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it *also* seeks damages does not bring it within the offer of judgment statute." *Id.* at 144 (original emphasis). Therefore, the court found that the defendant was not entitled to an award of attorney's fees and costs under section 768.79. *Id.* at 145. Absent a decision from the Supreme Court of Florida, the decisions of the district courts of appeal represent the law of Florida. *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992).

Diamond appears to contend that the *Polo* decision conflicts with earlier district courts of appeal decisions and a decision of the Florida Supreme Court. Doc. No. 202 at 2. In two of these cases, however, there was no request for equitable relief. *See State Farm Mut. Auto Ins. Co. v. Nichols*, 932 So. 2d 1067 (Fla. 2006) (claim for PIP damages); *Beyel Bros. Crane and Rigging Co.*

---

[3] An action for specific performance seeks equitable relief. *See, e.g., Miller v. Rolfe*, 97 So. 2d 132, 134 (Fla. 1st Dist. Ct. App. 1957).

*of S. Fla., Inc. v. Ace Transp., Inc.*, 664 So. 2d 62 (Fla. 4th Dist. Ct. App. 1995) (claim for unpaid transportation and delivery charges). In *Stewart v. Tasnet, Inc.*, 718 So. 2d 820 (Fla. 2d Dist. Ct. App. 1998), plaintiff sought damages under a theory of legal or equitable subrogation. The Second District Court of Appeal held that section 768.79 applied because "[c]ase law has broadly applied the statute to common law and statutory actions that result in monetary judgments for legal damages." *Id.* at 821. Similarly, in *Burtman v. Porchester Holdings, Inc.*, 680 So. 2d 631 (Fla. 4th Dist. Ct. App. 1996), the court found that section 768.79 applied to an interpleader action because the "action essentially involves conflicting claims for money." *Id.* at 632. In contrast, Horowitch's claim for specific performance of the contract could not have resulted in a monetary judgment.

Diamond contends that *Polo* is distinguishable in this case because Horowitch brought his claims in the alternative. As such, Diamond argues that the claim in Count I for equitable relief through specific performance of the contract would have been moot had Horowitch accepted the offer of $40,000.00 in damages. It cites no authority to support the proposition that this distinction is sufficient to excuse its failure to provide in the offer of judgment that Horowitch would not receive an airplane as specific performance of the contract. Accordingly, it appears under *Polo* that section 768.79 does not apply in this case.

    2.  <u>Enforceability of Offer of Judgment.</u>

If the Court finds that 768.79 applies in this case, it must consider Horowitch's argument that Diamond's offer of judgment was procedurally defective under Florida Rule of Civil Procedure 1.442. Diamond maintains that Rule 1.442 is purely procedural and does not affect the validity of its offer of judgment.

In *Owner-Operator Independent Drivers Ass'n, Inc. v. 4 Points Logistics, LLC*, No. 5:05-cv-440-Oc-10GRJ, 2007 WL 2789265 (M.D. Fla. Sept. 24, 2007), the Honorable Wm. Terrell Hodges noted that the law in the Eleventh Circuit regarding whether Rule 1.442 is substantive or procedural under an *Erie* analysis was "uncertain." *Id.* at *2. Judge Hodges concluded that Rule 1.442(f), which provides for an extension of time to accept an offer of judgment in class actions, is substantive for *Erie* purposes. *Id.* at *3. More recently, however, the Honorable Daniel T.K. Hurley concluded that Rule 1.442(c)(2)(G), which requires that an offer of judgment incorporate a certificate of service, is procedural for *Erie* purposes and does not apply in federal court. *Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc.*, No. 08-80254-CIV, 2010 WL 1049322, at *1 (S.D. Fla. Mar. 22, 2010); *see also Arnoul v. Busch Entertainment Corp.*, No. 8:07-cv-1490-T-24MAP, 2008 WL 5341148, at *3 (M.D. Fla. Dec. 19, 2008) (stating, without analysis, that Rule 1.442 merely governs procedural matters).

In its discussion leading to the approval of the form of Rule 1.442 that became effective on January 1, 1990 (which did not include subsection (f)), the Florida Supreme Court took great pains to distinguish its authority to adopt uniform rules of procedure from the legislative authority to enact substantive law. *The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment)*, 550 So. 2d 442 (Fla. 1989). It wrote that to the extent the procedures in Rule 1.442 conflicted with the *procedures* in section 768.79, the rule superseded the statute. *Id.* at 443. It appears, therefore, that the Florida Supreme Court intended the provisions of the rule 1.442 at issue here to be procedural rather than substantive law. As such, the procedural rules are not binding in this Court under the *Erie* analysis.[4]

---

[4] Should the Court conclude that Rule 1.442 is substantive, the offer of judgment is deficient. Among other things, the evidence established that the offer of judgment did not include

Section 768.79 provides that an offer of judgment must: (1) be in writing and state that it is being made pursuant to section 768.79; (2) name the party making the offer and the party to whom it is being made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state the total amount of the offer. § 768.79(2), Fla. Stat. (2010). The offer of judgment here complied with these requirements.[5]

### 3. Consideration of Amount of Attorney's Fees to Be Awarded.

Horowitch contends that even if Diamond's offer of judgment is enforceable, consideration of the factors set forth in section 768.79(7)(b) weighs against an award of attorney's fees. Section 768.79(7)(b) lists factors for a court to consider "[w]hen determining the reasonableness of an award of attorney's fees pursuant to this section." As discussed above, the only issue before the Court at this time is Diamond's entitlement to an award of attorney's fees. Because section 768.79(7)(b) applies to the reasonableness of, rather than entitlement to, an attorney's fee award, the criteria set forth therein are inapplicable to the instant motion.

*B.   FDUTPA.*

Diamond contends that it is entitled to an award of attorney's fees under the attorney's fee provision of the FDUTPA. Horowitch, on the other hand, argues that Diamond cannot seek attorney's fees under the FDUTPA because Horowitch's deceptive trade practices claim is governed by Arizona law.

---

a certificate of service, and was not accompanied by a separate certificate of service, as required by Rule 1.442(c)(2)(G). *See Milton v. Reyes*, 22 So. 3d 624, 625-26 (Fla. 3d Dist. Ct. App. 2009).

[5] The operative complaint when the offer of judgment was served did not include a prayer for punitive damages. Doc. No. 41. It appears that Horowitch first asserted his claim for punitive damages in the final pretrial statement. Doc. No. 149 at 16.

-

This Court explicitly determined, when ruling on the parties' motions for summary judgment, that "Arizona tort substantive law applies to Plaintiff's deceptive trade practices claim." Doc. No. 108 at 16-20. In its reply memorandum, Diamond did not cite to any authority to award it fees under the FDUTPA in light of the Court's finding that the FDUTPA does not apply. Therefore, Diamond is not entitled to an award of attorney's fees under the FDUTPA.

Under the ACFA, only the attorney general is entitled to an award of attorney's fees and costs. Ariz. Rev. Stat. Ann. § 44-1534 (2010); *see also Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1123 (Ariz. 1974) (finding that there is a private right of action under ACFA but that plaintiffs were not entitled to attorney's fees because they were not provided for by contract or statute). Thus, Diamond is not entitled to an award of attorney's fees under the ACFA.

### III. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court **DENY** Defendant's Application for Attorney's Fees and Costs, Doc. No. 196.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy