**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ALAN HOROWITCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | 6:06-CV-1703-ORL-19-KRS |
| DIAMOND AIRCRAFT ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DR. HOROWITCH'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW Dr. Alan Horowitch and pursuant to Federal Rule of Civil Procedure 72, respectfully files this Objection to the Report and Recommendation of the Magistrate Judge.

## INTRODUCTION

Dr. Horowitch, as the prevailing party, is obviously gratified for the Magistrate Judge's Report and Recommendation in his favor, and only files this objection to preserve a limited and novel issue for appeal should it ever be necessary to brief the issue further.  Dr. Horowitch specifically objects only to that portion of the Magistrate Judge's Report finding that Fla. R. Civ. P. 1.442 is a purely procedural state law, and thus does not apply to Diamond Aircraft Industries, Inc.'s offer of judgment in this case.  In addition, this objection is made to apprise the Court of a recent Middle District of Florida decision entered one day before the Magistrate's Report, Jablonski v. St. Paul Fire and Marine Ins. Co., 2010 WL

1417063 (M.D. Fla. Apr. 7, 2010), that holds at least portions of Rule 1.442 are applicable in federal court.

## OBJECTION

Dr. Horowitch objects to the Magistrate Judge's Report and Recommendation that Fla. R. Civ. P. 1.442 does not apply in federal court.

Numerous federal courts have applied Rule 1.442 and its requirements to offers of judgment in federal court.  See e.g., McMahan v. Toto, 311 F.3d 1077, 1082-1083 (11th Cir. 2002) (applying section to 768.79 **and** Rule 1.442 in holding offer of judgment was valid); KMS Restaurant Corp. v. Wendy's Intern. Inc., 194 Fed. Appx. 591, 597 (11th Cir. 2006) (proposal for settlement facially invalid and void because it did not differentiate between parties as required by Rule 1.442(c)(3)); Auto Owners Ins. v. American Yachts Ltd., 291 Fed. Appx. 305, 306 (11th Cir. 2008) (district court's award of attorneys' fees upheld where offer of judgment complied with section 768.79 and Rule 1.442);  JES Properties, Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d 1283, 1294 (M.D. Fla. 2006) (offer of judgment insufficient in part because it failed to comport with requirements of Rule 1.442); Kmart Corp. v. ACO, Inc., 2009 WL 4730529, *3 (M.D. Fla. 2009) (although declining to rule on offer of judgment's enforceability, citing Rule 1.442(c) to note that an offer of settlement must identify the claim or claims the proposal attempts to resolve); Owner-Operator Independent Drivers Ass'n, Inc. v. 4 Points Logistics, LLC, 2007 WL 2789265, *3 (M.D. Fla. 2007) (finding that Rule 1.442(f) is substantive law, and noting that McMahan treated Rule 1.442 as substantive law despite recognizing its procedural nature); Gillard v. Mayne, 2007 WL 3130447, *4 (M.D. Fla. 2007) (noting offer was not ambiguous under Rule 1.442);

Morris v. Arizona Beverage Co., L.L.C., 2005 WL 5544961, *4 (S.D. Fla. 2005) ("despite the fact that the amended version of Rule 1.442 is labeled a rule of civil procedure, it is substantive law for Erie purposes").

There is no dispute that Fla. Stat. § 768.79 is substantive law. Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1150 (11th Cir. 2008) citing Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007); see also, McMahan, 311 F.3d at 1082-1083. In Jones, the 11th Circuit specifically stated that federal courts must "look to Florida law to determine whether § 768.79 should be applied." Jones, 494 F.3d 1306. Rule 1.442 is Florida law that clearly governs whether § 768.79 should be applied. Additionally, Rule 1.442 is not a procedural rule in the conventional sense of the word. It is a rule specific to only one state statute: § 768.79. The Rule does not conflict with any Federal Rule of Civil Procedure, nor does it supply a rule of civil procedure to cover the conduct of a civil action in federal court. Indeed, the process proscribed by Rule 1.442 takes place wholly outside of the litigation process and the offer of judgment may never even be filed in the federal court.

Federal Rule of Civil Procedure 68 does not conflict with Rule 1.442 because unlike Fed. R. Civ. P. 68, Rule 1.442 applies to both defendants and plaintiffs, and requires that all non-monetary terms of the offer be disclosed. Therefore, Rule 1.442 should be applied as substantive law for purposes of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) in the instant case, and Diamond's offer of judgment should be found defective for the additional reason that it failed to comport with the requirements of Rule 1.442. Specifically, Diamond's offer did not include a certificate of service, it did not reference Rule 1.442, it did not state whether

-3-

attorney's fees were included or not, and it did not state with particularity all non-monetary terms of the proposal.

Although some federal cases have found Rule 1.442 to be purely procedural and therefore inapplicable in federal court, these cases are not controlling, and most can be distinguished as only finding certain subsections of Rule 1.442 to be purely procedural. While the Magistrate Judge's Report and Recommendation noted that some federal courts have acknowledged that certain subsections of Rule 1.442 apply in federal court, it ultimately found that Rule 1.442 is wholly procedural rather than substantive. [Report and Recommendation, ECF Doc. No. 210 at p. 7].

Dr. Horowitch respectfully contends that cases finding Rule 1.442 to be procedural can be distinguished based on the particular subsection of Rule 1.442 applied. For example, the Magistrate Judge's Report and Recommendation cites Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc., 2010 WL 1049322, at *1 (S.D. Fla. Mar. 22, 2010), as holding that Rule 1.442(c)(2)(G)'s requirement for a certificate of service is procedural for Erie purposes. [Report and Recommendation, ECF Doc. No. 210 at p. 7].  Even if the certificate of service requirement is arguably "procedural" for Erie purposes, the opinion of the court in Tiara Condominium recognized that other subsections of Rule 1.442 are substantive. Tiara Condominum, 2010 WL 1049322 at *9, n.6 ("Defendant's offer complied with… substantive portions of Rule 1.442") citing McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002); Campbell v. Goldman, 959 So.2d 223, 227 (Fla. 2007) (noting that § 768.79 and Rule 1.442 contain both substantive and procedural aspects).

-5-

At least one recent case also confirms that some subsections of Rule 1.442 are substantive. In <u>Jablonski v. St. Paul Fire and Marine Ins. Co</u>., 2010 WL 1417063 (M.D. Fla. Apr. 7, 2010), the court held that the defendant's offer was ambiguous because of its confidentiality provisions, and therefore defective under Rule 1.442(c)(2)(C)-(D). <u>Id.</u> at *4. The court also cited Rule 1.442(c)(2)(E) in noting that "an offer of judgment must state whether or not it includes attorney's fees." <u>Id.</u> at *2 (offer not defective because it specifically excluded attorney's fees) <u>citing</u> Rule 1.442(c)(2)(E).

## **CONCLUSION**

For the reasons stated above, Dr. Horowitch respectfully objects to the Report of the Magistrate and suggests that Diamond's offer of judgment should be held defective for the additional reason that it failed to comply with Rule 1.442 because it was ambiguous and did not address attorney's fees.

Respectfully submitted this 22nd day of April, 2010.

<u>/s/ Jennifer B. Dempsey</u>
William V. Custer
Georgia Bar No. 202910
Jennifer B. Dempsey
Georgia Bar No. 217536
Bryan Cave Powell Goldstein
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309
(404) 572-6600
Fax: (404) 572-6999

        Marc P. Ossinsky
        Ossinsky & Cathcart, P.A.
        2699 Lee Road, Suite 101
        Winter Park, FL  32789
        (407) 629-2484
        Fax: (407) 629-4429

        Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ALAN HOROWITCH,   )<br>   )<br>   Plaintiff,   )<br>   )<br>vi.   )<br>   )<br>DIAMOND AIRCRAFT   )<br>INDUSTRIES, INC.,   )<br>   )<br>   Defendant.   )<br>_____) | CASE NO.:<br><br>6:06-CV-1703-ORL-19-KRS |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the 22nd day of April, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

This 22nd day of April, 2010.


                                                                                      */s/* Jennifer B. Dempsey
                                                                                      Jennifer B. Dempsey
                                                                                      Georgia Bar No. 217536
                                                                                       Bryan Cave Powell Goldstein
                                                                                       One Atlantic Center
                                                                                       Fourteenth Floor
                                                                                       1201 West Peachtree Street, NW
                                                                                       Atlanta, GA 30309
                                                                                       (404) 572-6600
                                                                                       Fax: (404) 572-6999

                                                                                       Attorney for Plaintiff