## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ALAN HOROWITCH,            )
                           )
       Plaintiff,        )
                           )
vs.                     )   CASE NO.: 6:06-CV-1703-Orl-19JGG
                           )
DIAMOND AIRCRAFT INDUSTRIES, INC., a )
foreign corporation,       )
                           )
       Defendant.     )
_____/

### DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S
### OBJECTION TO REPORT AND RECOMMENDATION
### OF APRIL 8, 2010

Defendant, Diamond Aircraft Industries, Inc. ("Diamond"), by and through its undersigned counsel, hereby files its Objection to the Report and Recommendation dated April 8, 2010 (Doc. 210) ("Report and Recommendation") regarding Diamond's entitlement to attorneys' fees in this matter and states:

### Background

Horowitch sued Diamond in this action under four theories of liability:  (1) specific performance, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, and (4) Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").   Diamond prevailed on the first three claims at the summary judgment stage of the proceedings.  (Docs. 108, 138, 142).  Diamond also prevailed on the FDUTPA claim at the summary judgment stage, but Horowitch was permitted to proceed to trial on FDUTPA's Arizona counterpart, Arizona's Consumer Fraud Act ("ACFA").  (*See* Doc. 108, p. 20).

Diamond prevailed at trial, and this Court entered judgment in its favor.  (Doc. 193). Diamond timely moved for attorneys' fees and costs pursuant to the judgment and has submitted the necessary supporting documentation and legal support.  (*See* Docs. 196, 202, 203, 208, all of which, along with the attachments thereto, are incorporated herein by reference).  Diamond's grounds for its entitlement to attorneys' fees and costs are threefold: (1) it is entitled to attorneys' fees and costs pursuant to an Offer of Judgment it served during the litigation under Section 768.79, Florida Statutes; (2) it is entitled to attorneys' fees and costs under FDUTPA; and (3) it is entitled to costs under Federal Rule of Civil Procedure 54(d)(1).

The Report and Recommendation incorrectly finds that Diamond is not entitled to attorneys' fees on the first two grounds.  This Objection addresses those findings.  Diamond will address the third ground in a separate Objection, as a separate Report and Recommendation was issued regarding Diamond's entitlement to costs under Rule 54(d)(1) (Doc. 211).

## Objections

### A.  Diamond Is Entitled to Attorneys' Fees and Costs Under Section 768.79, Florida Statutes.

The Report and Recommendation incorrectly finds that Diamond's Offer of Judgment does not give rise to attorneys' fees under Section 768.79, Florida Statutes.  As a basis for this finding, the Report and Recommendation notes that while the statute applies to "civil action[s] for damages," Horowitch's Amended Complaint contained one count for equitable relief (specific performance), among several other counts seeking monetary damages.  The

Report and Recommendation incorrectly found that this fact alone precludes the statute's application.

The Report and Recommendation cites *Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Property Owners Ass'n, Inc.*, 22 So. 3d 140 (Fla. 4th DCA 2009). In *Polo*, the plaintiff brought several claims, including a claim for a judicial determination of whether the plaintiff was entitled to a certain number of votes in an election for a board of directors, a claim for declaratory and injunctive relief to recognize and enforce the plaintiff's implied grant by way of necessity to certain real property, and a claim for tortious interference with the plaintiff's attempts to sell the property, resulting in monetary damages. *Id.* at 142. The plaintiff also sought and obtained a temporary restraining order. *Id.*

Nothing in the *Polo* opinion suggests that the claim for monetary damages for tortious interference was made in the alternative to the equitable claims as Horowitch's claims in this case were. Unlike Horowitch's claims, which must be made in the alternative as a matter of law, the legal and equitable claims at issue in *Polo* were clearly subject to simultaneous recovery.

The *Polo* court's ruling that "when an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it *also* seeks damages does not bring it within the offer of judgment statute" must be reviewed in this context. *See id.* at 144 (emphasis in original). The court's rationale demonstrates that its ruling is inapplicable here. Specifically, the court reasoned as follows:

> The purposes of section 768.79 include the early termination of litigation. A proposal for settlement in a case such as this one does not satisfy that purpose, as **its acceptance would not terminate the litigation nor resolve those claims not seeking damages.** Because the proposals for settlement addressed

> a complaint that included non-damages claims, they do not comply with the
> statute, and we find them invalid and reverse the trial court's order awarding
> fees.

*Id.* at 145 (emphasis added).  This rationale and the resulting holding clearly cannot apply

where, as here, the acceptance of an offer of judgment made under the statute would, by the

terms of the offer and the very nature of the claims at issue, terminate the litigation.

In a similar circumstance, Florida's Second District Court of Appeal indicated its

fundamental disagreement with rejecting Section 768.79's application when acceptance of

the offer would clearly end the litigation.  *See 1 Nation Tech. Corp. v. A1 Teletronics, Inc.*,

924 So. 2d 3, 6-7 (Fla. 2d DCA 2005) *(dicta)*.  There, the court reasoned:

> We do not agree with the trial court's finding because the defendants' offer,
> especially when read as a whole, provides the particularity the rule requires.
> Paragraph two states that the proposal intends "to resolve all claims" made by
> A1 "in this action arising out of the incident giving rise to the Plaintiff's
> complaint." A1's request for an injunction is a claim for relief made by the
> plaintiff in the pending action, which arose from the incident that was the
> focus of the lawsuit. Further, paragraph three requires A1 to execute a general
> release of all pending claims and a dismissal of the case with prejudice so that
> the entire case may be brought to a close. The offer clearly encompasses the
> resolution of the injunction claim because it seeks to settle all claims, which
> necessarily includes the claim for injunction. The offer presents no ambiguity,
> and the recipient can fully evaluate the offer without judicial interpretation or
> intervention.

*Id.*  Here, like in *1 Nation*, the Offer of Judgment clearly stated that acceptance would

"resolve all claims that were or could have been asserted by Plaintiff against Diamond

Aircraft in the Amended Complaint."  It stated further that it was conditioned upon

Horowitch "dismiss[ing] his pending claims against Diamond Aircraft, with prejudice to re-

file." There is no ambiguity here.  Acceptance of the Offer of Judgment would have brought

the litigation to a close.

Furthermore, while the Report and Recommendation suggests that the *Polo* case from the Fourth District Court of Appeal is the only guidance on how the Florida Supreme Court might rule on this issue, this is incorrect. In addition to the *dicta* in *1 Nation*, further support for Diamond's position can be found in *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1073 (Fla. 2006), where the Florida Supreme Court noted the wide array of actions subject to Section 768.79. It cited *Beyel Bros. Crane & Rigging Co. of So. Fla., Inc. v. Ace Transp., Inc.*, 664 So. 2d 62, 64 (Fla. 4th DCA 1995), for this proposition. In *Beyel Bros.*, the court held that the "any civil action for damages" language in the Statute "convey[s] a clear meaning sweeping in all civil actions in which one party seeks damages from another party." The court held the action "may arise under tort law; it may arise under contract law; it may arise under property law. If the party seeks damages from another party, then the claim is covered by section 768.79's broad phrase, 'civil action for damages.'" *Id.*

Two cases from Florida's District Courts of Appeals also make clear that the mere presence of an equitable claim in what is otherwise a civil action for damages does not preclude the application of Section 768.79. In *Stewart v. Tasnet, Inc.*, 718 So. 2d 820, 821-822 (Fla. 2d DCA 1998), the court applied Section 768.79 to an equitable subrogation claim, holding that the statute applied to any action for damages regardless of whether such action is based on tort or contract law and that it encompassed a claim based on equitable subrogation.

In *Burtman v. Porchester Holdings, Inc.*, 680 So. 2d 631, 632 (Fla. 4th DCA 1996), the court similarly applied Section 768.79 in an interpleader action because despite its equitable nature, the action "essentially involve[d] competing claims for money." The *Burtman* court's application of the statute was also notwithstanding the fact that the case

involved a cross-claim to set aside a fraudulent transfer, "which does not qualify under the statute as a claim for civil damages." *Id.* Nevertheless, the court noted that the fraudulent transfer issue was raised to defeat a competing claim for monetary relief, and "th[e] action essentially involve[d] conflicting claims for money." As a result, the court properly applied the statute. *Id.*

The Report and Recommendation seeks to distinguish these cases by noting that here, Horowitch's claim for specific performance "could not have resulted in a monetary judgment." This is not a meaningful distinction in light of the above authority and the fact that Horowitch brought his specific performance claim in the alternative. Horowitch's acceptance of a monetary judgment as to any of his other claims would, as a matter of law, moot his specific performance claim. This distinction precludes the application of *Polo*, where legal and equitable relief were sought simultaneously, not in the alternative.

Moreover, Section 768.79, Florida Statutes, was enacted for the important policy purpose of encouraging settlement. Horowitch's argument would lead to an absurd result contrary to this purpose. Specifically, allowing a party to exempt itself from the Statute by simply tacking on a purported equitable claim would encourage frivolous litigation by permitting a party to file suit with no concern of fee exposure that would otherwise exist. Such a result would undermine the very purpose of the statute. This is especially true where, as here, the offer of judgment expressly provides that its acceptance will resolve ***all claims***.

Accordingly, Diamond objects to the Report and Recommendation to the extent it declines to enforce Diamond's entitlement to attorneys' fees and costs under Section 768.79, Florida Statutes.

**B.    Diamond Is Entitled to Attorneys' Fees and Costs Under FDUTPA.**

The Report and Recommendation suggests Diamond cannot recover prevailing party attorneys' fees under FDUTPA, despite the fact that this was the theory under which Horowitch sued, because the reason that claim failed is this Court's determination that FDUTPA did not apply.  The Report and Recommendation seems to disregard the case law directly on point cited in Diamond's Application for Fees and Costs simply because Diamond did not reiterate such case law in its Reply Memorandum.  However, in its Motion for Leave to File a Reply Memorandum (Doc. 200) and this Court's Order on that Motion (Doc. 201), it was well-established that Diamond was not permitted to use its Reply Memorandum to re-argue points already addressed in its Application for Fees and Costs. Diamond's compliance with this Court's Order limiting the scope of its Reply Memorandum cannot be seen as a waiver with respect to the arguments fully briefed in its Application for Attorney's Fees and Costs.

The case law originally provided in Diamond's Application expressly rejects the position advanced in the Report and Recommendation.  In *Brown v. Gardens by the Sea South Condominium Ass'n*, 424 So. 2d 181, 184 (Fla. 4th DCA 1983), citing *Rustic Village, Inc. v. Friedman*, 417 So. 2d 305 (Fla. 3d DCA 1982), the court held that fees should be awarded under FDUTPA even though the court initially held that FDUTPA did not apply to that case:

> The plaintiff, as appellee, attempts to support the order appealed on the basis that once the trial court had found [FDUTPA] "inapplicable," it could not then utilize the Act for the purpose of granting the prevailing defendant an attorney's fee. It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff. To some degree, such is the result in every case where a

defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney's fee because he did not prevail.

Thus, to the extent the Report and Recommendation suggests Diamond cannot obtain attorneys' fees under FDUTPA because this Court held FDUTPA does not apply to the facts of this case, that argument must fail. *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994) ("Were that Florida law, . . . no prevailing defendant ever would be entitled to attorney's fees under [FDUTPA], for by definition defendants prevail by demonstrating the inapplicability of [FDUTPA] to their actions.").

The language of Section 501.2105 takes a broad view of compensable attorneys' fees in a case involving a claim of a deceptive or unfair trade practice. *Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 314 (Fla. 4th DCA 2007). There are important policy reasons behind this broad view:

> Alleging the commission of conduct more odious than a breach of contract . . . increase[s] the financial risk for both sides. Our experience is that it is not uncommon for litigants to inject claims of fraud and deceptive trade practices into a contractual dispute. This tactic complicates a lawsuit, raises the stakes, and increases the litigation expenses. We have encountered few cases where such claims were successful. . . . .

*Id.* at 316 & n.1. These policy reasons would be defeated if Horowitch were permitted to evade his responsibility for attorneys' fees under FDUTPA simply because his FDUTPA claim was so misplaced that this Court found FDUTPA did not apply. Such a result would reward plaintiffs for pleading the most unmeritorious cases, while those with more meritorious FDUTPA claims that failed for insufficient proof and other reasons would remain subject to fee claims. This Court should prevent this illogical result by enforcing FDUTPA's fee provision in this case.

Based on the foregoing reasons, Diamond objects to the Report and Recommendation to the extent it declines to apply FDUTPA's prevailing party attorneys' fee and cost provision when Diamond prevailed on Horowitch's FDUTPA claim.

WHEREFORE, Defendant, Diamond Aircraft Industries, Inc., respectfully objects to those portions of the Report and Recommendation dated April 8, 2010 (Doc. 210), addressed herein and requests that this Court grant Diamond's Application for Attorney's Fees and Costs (Doc. 196).

Dated:  April 22, 2010
        Tampa, Florida

                                Respectfully submitted,

                                ___/s/ Hala Sandridge _____
                                Hala Sandridge
                                Florida Bar No. 0454362
                                hsandrid@fowlerwhite.com
                                FOWLER WHITE BOGGS P.A.
                                P.O. Box 1438, Tampa, FL  33601
                                (813) 228-7411; Fax: (813) 229-8313
                                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2010, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to the following:

| | |
|---|---|
| Jennifer B. Dempsey, Esquire<br>Georgia Bar No: 217536<br>jdempsey@pogolaw.com<br>William V. Custer, Esquire<br>Georgia Bar No: 202910<br>bcuster@pogolaw.com<br>Brian Cave LLP<br>One Atlantic Center<br>Fourteenth Floor<br>1201 West Peachtree Street, NW<br>Atlanta, GA 30309<br>404 572-6600<br>404 572-6999 - fax<br><br>Attorney for Plaintiff | Marc P. Ossinsky, Esquire<br>Florida Bar No: 438588<br>marc@ossinskycathcart.com<br>Christopher C. Cathcart, Esquire<br>chris@ossinskycathcart.com<br>Ossinsky & Cathcart, P.A.<br>2699 Lee Road, Suite 101<br>Winter Park, FL 32789<br>407 629-2484<br>407 629-4429 - fax<br><br>Attorney for Plaintiff |

I further certify that I mailed the foregoing document and the notice of electronic filing by

first-class mail to the following non-CM/ECF participants: none.

/s/ Hala Sandridge
Hala Sandridge
Florida Bar No. 0454362
Email: hsandrid@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
P.O. Box 1438, Tampa, FL 33601
(813) 228-7411
Fax No: (813) 229-8313
Attorneys for Defendant

42685548v1