UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ALAN HOROWITCH, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 6:06-CV-1703-Orl-19JGG |
| DIAMOND AIRCRAFT INDUSTRIES, INC., a foreign corporation, | ) |
| Defendant. | ) |

## DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S OBJECTION TO REPORT AND RECOMMENDATION OF APRIL 12, 2010

Defendant, Diamond Aircraft Industries, Inc. ("Diamond"), by and through its undersigned counsel, hereby submits its Objection to the Report and Recommendation dated April 12, 2010 (Doc. 211) ("Report and Recommendation"), and states:

### Background

Horowitch sued Diamond in this action under four theories of liability: (1) specific performance, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, and (4) Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Diamond prevailed on the first three claims at the summary judgment stage of the proceedings. (Docs. 108, 138, 142). Diamond also prevailed on the FDUTPA claim at the summary judgment stage, but Horowitch was permitted to proceed to trial on FDUTPA's Arizona counterpart, Arizona's Consumer Fraud Act ("ACFA"). (*See* Doc. 108, p. 20).

Diamond prevailed at trial, and this Court entered judgment in its favor. (Doc. 193). Diamond timely moved for attorneys' fees and costs pursuant to the judgment and submitted the necessary supporting documentation and legal support. (*See* Docs. 196, 202, 203, 208, all of which, along with the attachments thereto, are incorporated herein by reference). Diamond's grounds for its entitlement to attorneys' fees and costs are threefold: (1) it is entitled to attorneys' fees and costs pursuant to an Offer of Judgment it served during the litigation under Section 768.79, Florida Statutes; (2) it is entitled to attorneys' fees and costs under FDUTPA; and (3) it is entitled to costs under Federal Rule of Civil Procedure 54(d)(1).

The Report and Recommendation incorrectly rejects Diamond's entitlement to its costs in the amount of $89,199.90 incurred over the course of more than three years of litigation, with only limited exceptions (it recommends Diamond recover only $855.00 for clerk fees and $6,926.01 for transcripts). The findings against costs under the first two grounds set forth above are tied in with the Report and Recommendation of April 8, 2010, to which Diamond has objected (Doc. 213). That Objection is incorporated herein by reference.

This Objection addresses the following points: (1) with respect to the first two grounds for costs, the statutes at issue allow for "reasonable" costs, a broader category of costs than taxable costs; and (2) with respect to the third ground for costs, the Report and Recommendation incorrectly rejects Diamond's claim for copying charges.

## **Objections**

**A.     Diamond's Statutory Grounds for Costs Allow It to Recover "Reasonable Costs" Beyond the Taxable Costs Every Prevailing Litigant May Obtain.**

To the extent the Report and Recommendation finds that Section 768.79, Florida Statutes, and FDUTPA do not apply, Diamond has established the application of these

statutes in its Objection to Report and Recommendation of April 8, 2010 (Doc. 213). The Report and Recommendation incorrectly finds that even if these statutes apply, Diamond cannot recover costs under them beyond those that are taxable under Rule 54(d)(1).

However, every prevailing party litigant is entitled to taxable costs under Rule 54(d)(1). The same is true in Florida, where Section 57.041, Florida Statutes, generally grants prevailing party litigants entitlement to taxable costs. Thus, to the extent Section 768.79, Florida Statutes, and Section 501.2105 of FDUTPA go further and specifically provide for the recovery of "reasonable costs," they must allow for something a litigant would not otherwise be entitled to by default. The analysis may be a bit different under Section 768.79, which sometimes allows a non-prevailing party to recover costs. However, it is clear that at least with respect to FDUTPA, limiting the statutory provision for costs to taxable costs renders it entirely superfluous. Such a construction does not pass muster under the universal principle of statutory construction that requires a statute to be construed in a manner that gives effect to all of its provisions, rendering none of them superfluous. *U.S. v. Canals-Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991) ("A basic premise of statutory construction is that a statute is to be interpreted so that no words shall be discarded as being meaningless, redundant, or mere surplusage."); *Hechtman v. Nations Title Ins. of N.Y.*, 840 So. 2d 993, 996 (Fla. 2006) ("It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage.").

In *Muegge v. Heritage Oaks Gulf and Country Club, Inc.*, No. 8:05-CV-354-T-24-MAP, 2006 WL 1678840, *5 (M.D. Fla. June 16, 2006), the court recognized the proper

scope of reasonable costs under Section 768.79, Florida Statutes, when it allowed recovery of travel costs, mediation expenses, expert fees, copy charges, and postage under the statute. While the Report and Recommendation notes that in *Muegge*, the non-moving party did not object to the reasonableness of the costs at issue, this does not affect the court's legal determination that the costs were recoverable under Section 768.79.

The breadth of the statutory cost provision was also recognized in *Strait v. Busch Entertainment Corp.*, No. 8:05-CV-1864-T-24-MAP, 2007 WL 496605, *3 (M.D. Fla. Feb. 12, 2007), and *Arnoul v. Busch Entertainment Corp.*, No. 8:07-CV-1490-T-24-MAP, 2008 WL 5341148 (M.D. Fla. Dec. 19, 2008), where the court awarded expert witness fees under Section 768.79, Florida Statutes, in the amounts of $38,832.73 and $3,375.00, respectively. These cases demonstrate that Section 768.79, and, by the same reasoning, FDUTPA, provide for costs beyond those otherwise recoverable as taxable costs.

All of the costs Diamond has requested in this action are reasonable as established in its submissions and affidavit in support thereof. Because these costs are reasonable, they are recoverable under Section 768.79, Florida Statutes, and FDUTPA. Alternatively, Diamond is entitled to recover these costs as part of an attorneys' fees award.

**B.      Diamond Is Entitled to Recover Its Copying Charges Under Federal Rule of Civil Procedure 54(d)(1).**

The Report and Recommendation incorrectly denies 100% of Diamond's copying charges on the basis that Diamond provided insufficient documentation thereof. In fact, Diamond provided extensive documentation of its copying costs. This included spreadsheets of each individual copying charge from each law firm that represented Diamond in this action.

In *Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002), the court observes that "an accounting for each photocopy is implausible." While in *Scelta*, the attorneys' records did nothing to distinguish recoverable copy charges in connection with the litigation at issue from their general copying, here, by contrast, every copy charge Diamond claims has been itemized upon being identified with a unique matter number corresponding to this litigation.

In considering Diamond's claim for copying costs, it is important to note that this case spanned over three years and involved substantial discovery and motions practice, an intervening appeal, and a bench trial. It should also be noted that while service copies of all pleadings were not necessary in the litigation in this case due to electronic filing, copies were necessary for discovery and for the intervening appeal. The Clerk's award of $5,494.06 for Diamond's copying costs is reasonable under these circumstances.

To the extent this Court finds this award too great or at all insufficiently substantiated, Diamond would suggest in the alternative that this Court apply a reasonable discount of up to twenty (20) percent off of the copying charges claimed. Such a discount would more than alleviate any concerns regarding the number of copies at issue and whether any were unnecessary or duplicative. It would also reduce the percentage of costs representing copy charges to less than five (5) percent of the total costs Diamond claims, a reasonable amount in a case of this nature and complexity. *Cf. Scelta*, 203 F. Supp. 2d at 1339 (implying that had the prevailing party offered a reasonable percentage reduction of the copy charges it claimed as an alternative to recovery of the entire amount, the court may have awarded the discounted amount); *see also Diaz v. Jaguar Restaurant Group, LLC*, No. 08-

22317-CIV, 2010 WL 431786, **1-2 (S.D. Fla. Jan. 31, 2010) (slip copy) ("Accordingly, a 20 percent reduction will be made as to the amount requested to adjust for possible unnecessary copying charges included in the motions. Other than this adjustment, however, the Court finds that the copying charges are reasonable and commensurate with the nature of this case. They are compensable under section 1920(4).").

For these reasons, Diamond is entitled to recover its copying charges as taxable costs in addition to its entitlement to their recovery under Section 768.79, Florida Statutes, and FDUTPA. Alternatively, Diamond is entitled to recover these costs as part of an attorneys' fees award.

WHEREFORE, Defendant, Diamond Aircraft Industries, Inc., respectfully objects to the Report and Recommendation dated April 12, 2010 (Doc. 211), and requests that this Court grant its Application for Attorney's Fees and Costs (Doc. 196) and affirm the Bill of Costs issued in this action (Doc. 204).

Dated: April 26, 2010
       Tampa, Florida

                                          Respectfully submitted,

                                          ___/s/ Hala Sandridge_____
                                          Hala Sandridge
                                          Florida Bar No. 0454362
                                          hsandrid@fowlerwhite.com
                                          FOWLER WHITE BOGGS P.A.
                                          P.O. Box 1438, Tampa, FL  33601
                                          (813) 228-7411
                                          Fax:  (813) 229-8313
                                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Jennifer B. Dempsey, Esquire<br>Georgia Bar No: 217536<br>jdempsey@pogolaw.com<br>William V. Custer, Esquire<br>Georgia Bar No: 202910<br>bcuster@pogolaw.com<br>Brian Cave LLP<br>One Atlantic Center<br>Fourteenth Floor<br>1201 West Peachtree Street, NW<br>Atlanta, GA 30309<br>404 572-6600<br>404 572-6999 - fax<br><br>Attorney for Plaintiff | Marc P. Ossinsky, Esquire<br>Florida Bar No: 438588<br>marc@ossinskycathcart.com<br>Christopher C. Cathcart, Esquire<br>chris@ossinskycathcart.com<br>Ossinsky & Cathcart, P.A.<br>2699 Lee Road, Suite 101<br>Winter Park, FL 32789<br>407 629-2484<br>407 629-4429 - fax<br><br>Attorney for Plaintiff |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

        /s/ Hala Sandridge
        Hala Sandridge
        Florida Bar No. 0454362
        Email: hsandrid@fowlerwhite.com
        FOWLER WHITE BOGGS P.A.
        P.O. Box 1438, Tampa, FL 33601
        (813) 228-7411
        Fax No: (813) 229-8313
        Attorneys for Defendant

42688333v1