**ALAN HOROWITCH,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:06-cv-1703-Orl-19KRS**

**DIAMOND AIRCRAFT INDUSTRIES, INC.,**

        **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1.     Motion for Attorneys' Fees and Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 196, filed Jan. 5, 2010);

2.     Response in Opposition to Defendant Diamond Aircraft Industries, Inc.'s Motion for Attorneys' Fees and Costs by Plaintiff Alan Horowitch (Doc. No. 199, filed Jan. 19, 2010);

3.     Reply to Response to Motion for Attorneys' Fees and Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 202, filed Feb. 5, 2010);

4.     Motion for Judicial Review of Clerk's Taxing of Costs by Plaintiff Alan Horowitch (Doc. No. 207, filed Feb. 16, 2010);

5.     Response in Opposition to Plaintiff Alan Horowitch's Motion for Judicial Review of Clerk's Taxing of Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 208, filed Mar. 2, 2010);

6.     Report and Recommendation on Motion for Attorneys' Fees and Costs (Doc. No.

210, filed Apr. 8, 2010);

7.      Report and Recommendation on Motion for Judicial Review of Clerk's Taxing of Costs (Doc. No. 211, filed Apr. 12, 2010);

8.      Objection to Report and Recommendation on Motion for Attorneys' Fees and Costs by Plaintiff Alan Horowitch (Doc. No. 212, filed Apr. 22, 2010);

9.      Objection to Report and Recommendation on Motion for Attorneys' Fees and Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 213, filed Apr. 22, 2010);

10.     Objection to Report and Recommendation on Motion for Judicial Review of Clerk's Taxing of Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 214, filed Apr. 26, 2010); and

11.     Response to Plaintiff Alan Horowitch's Objection to Report and Recommendation on Motion for Attorneys' Fees and Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 215, filed May 6, 2010).

## Background

Plaintiff Alan Horowitch filed suit against Defendant Diamond Aircraft Industries, Inc. ("Diamond"), alleging that he entered into a contract to purchase a "D-Jet" aircraft from Diamond for $850,000.00 and that Diamond refused to sell the aircraft unless Horowitch paid $1,380,000.00. (Doc. No. 58, filed May 25, 2007.)  Horowitch asserted four claims against Diamond: (1) specific performance; (2) in the alternative, breach of contract; (3) breach of the implied covenants of good faith and fair dealing; and (4) deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  (*Id.*)

On May 8, 2007, Diamond served an offer of judgment on Horowitch, offering to pay

Horowitch $40,000.00 "to resolve all claims that were or could have been asserted by Plaintiff against Diamond Aircraft in the Amended Complaint" and conditioning the offer on the dismissal of the pending claims with prejudice ("Offer of Judgment"). (Doc. Nos. 196-1, 199-1.) Horowitch did not accept the Offer of Judgment.

Thereafter, the parties filed motions for summary judgment. (Doc. Nos. 91, 93, filed July 5, 2007.) The Court denied Horowitch's motion for summary judgment, granted Diamond's motion for summary judgment on Counts I, II, and III, and denied Diamond's motion for summary judgment on Count IV. (Doc. Nos. 108, 138, 142.) The Court found based on a choice-of-law analysis that Arizona law and the Arizona Consumer Fraud Act ("ACFA"), not the FDUTPA, applied to Horowitch's consumer fraud claim in Count IV. (Doc. No. 108 at 16-21.) On December 8 and 9, 2009, the Court held a bench trial on Horowitch's consumer fraud claim in Count IV. The Court ruled that Diamond did not violate the ACFA. (*Id.* at 28.) Judgment was entered in favor of Diamond. (Doc. No. 193.)

On January 5, 2010, Diamond filed a Motion for Attorney's Fees and Costs. (Doc. No. 196.) Horowitch filed a response in opposition, and Diamond filed a reply to Horowitch's response with leave of Court. (Doc. Nos. 199, 202.) On April 8, 2010, Magistrate Judge Karla R. Spaulding entered a Report and Recommendation that the Court deny the Motion. (Doc. No. 210.) Horowitch and Diamond filed objections to the Report and Recommendation, and Diamond filed a response to Horowitch's objection. (Doc. Nos. 212-13, 215.)

On February 5, 2010, Diamond filed a Bill of Costs, which was taxed by the Clerk of Court. (Doc. Nos. 203-04.) Horowitch filed a motion for judicial review of the Clerk's taxing of costs, to which Diamond timely responded. (Doc. Nos. 207-08.) On April 8, 2010, Magistrate Judge Karla

R. Spaulding entered a Report and Recommendation that the Court vacate the Bill of Costs taxed by the Clerk and award Diamond taxable costs in the amount of $7,781.01. (Doc. No. 210.) Diamond timely filed an objection to the Report and Recommendation. (Doc. No. 214.)

## Standard of Review

### I. Motion for Attorneys' Fees

Under the American Rule, which is the controlling rule in Florida and Federal courts, a prevailing party is ordinarily not entitled to recover attorneys' fees except by contract or statute. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004).

### II. Motion for Judicial Review of Clerk's Taxing of Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (internal citations omitted). Pursuant to 28 U.S.C. § 1920, a court may award the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923;

(6) Compensation of court appointed experts, interpreters, and special interpretation services.

A court cannot award costs other than those listed in § 1920 unless authorized by another statute. *United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). In addition, a court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

### III. Objection to a Report and Recommendation of a United States Magistrate Judge

A party seeking to challenge the findings in a Report and Recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a de novo review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1) (2010). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

### Analysis

### I. Motion for Attorneys' Fees

Diamond objects to the Magistrate's finding that Diamond is not entitled to attorneys' fees under the Florida offer of judgment statute, Section 768.79, Florida Statutes, or the FDUTPA. (Doc. No. 213.)

#### A. Florida Offer of Judgment Statute

Diamond argues that the Magistrate's erroneously relied on *Palm Beach Polo Holdings, Inc.*

*v. Equestrian Club Estates Prop. Owners Ass'n, Inc.*, 22 So. 3d 140 (Fla. 4th DCA 2009), to find that Diamond is not entitled to attorneys' fees under Section 768.79. (Doc. No. 213 at 2-6.) Diamond maintains that the instant case is distinguishable from *Palm Beach Polo Holdings, Inc.* because Horowitch asserted his claim for injunctive relief in the alternative to a claim for monetary damages and because the Offer of Judgment unambiguously proposed a settlement of all pending claims against Diamond. (*Id.*)

It is well-settled that Section 768.79 applies only to civil actions "for damages."[1] § 768.79, Fla. Stat.; *Palm Beach Polo Holdings, Inc.*, 22 So. 3d at 143; *Nichols v. State Farm Mut.*, 851 So. 2d 742, 752 (Fla. 5th DCA 2003). Where, as here, "an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it *also* seeks damages does not bring it within the offer of judgment statute." *Palm Beach Polo Holdings, Inc.*, 22 So. 3d at 144 (emphasis in original). Because Horowitch asserted a claim for specific performance and breach of contract in the alternative, in addition to claims for breach of implied covenants and consumer fraud, he sought both non-monetary relief and damages which rendered Section 768.79 inapplicable.[2] (Doc. No. 58 at 7-9.) Accordingly, even if, as Diamond asserts, the Offer of Judgment proposed a

---

[1] The parties do not dispute that Section 768.79, Florida Statutes, applies to claims under Florida law asserted in federal court. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1151-52 (11th Cir. 2008).

[2] Diamond cites *Stewart v. Tasnet, Inc.*, 718 So. 2d 820 (Fla. 2d DCA 1998), and *Burtman v. Porchester Holdings, Inc.*, 680 So. 2d 631 (Fla. 4th DCA 1996), for the proposition that the mere presence of an equitable claim in what is otherwise a civil action for damages does not preclude the application of Section 768.79. (Doc. No. 213 at 5.) These cases stand for the proposition that Section 768.79 may apply in cases involving equitable claims for money. *Stewart*, 718 So. 2d at 821-22; *Burtman*, 680 So. 2d at 632. Horowitch asserted an equitable claim for the purchase of an aircraft from Diamond at a specific price, not a claim for money. (Doc. No. 58 at 7-8.) Therefore, *Stewart* and *Burtman* are inapposite to this case.

settlement of all pending claims against Diamond, Diamond would not be entitled to an award of attorneys' fees under Section 768.79.[3]

**B. FDUTPA**

The Magistrate recommended that the Court award Diamond no attorneys fees under the FDUTPA because the Court previously found that the ACFA, not the FDUTPA, applied to Horowitch's consumer fraud claim and because the ACFA only permits the state attorney general to recover attorneys' fees. (Doc. No. 210 at 8-9.) Diamond cites several cases[4] for the proposition that it should be awarded attorneys' fees under the FDUTPA even though the Court found that the FDUTPA did not apply to Horowitch's consumer fraud claim. (Doc. No. 213 at 7-9.) The cases cited by Diamond do not support an award of attorneys fees because they apply Florida law to find that the plaintiff could not recover under the FDUTPA, whereas this Court found that as a matter of Florida choice of law principles, Florida law and the FDUTPA did not govern Horowitch's consumer fraud claim. (Doc. No. 108 at 16-21.) To award Diamond attorneys' fees merely because Horowitch pled a claim under the FDUTPA would render meaningless the requirement that this Court apply Florida choice of law principles. *See Grupo Televisa, S.A. v. Telemundo Commc'ns Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) ("A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S.

---

[3] Finding that Diamond is not entitled to attorneys' fees under Section 768.79, the Court need not consider Horowitch's argument that Diamond should not be awarded attorneys' fees because the Offer of Judgment failed to comply with Florida Rule of Civil Procedure 1.442. (Doc. No. 212.)

[4] *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994); *Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 314-16 (Fla. 4th DCA 2007); *Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So. 2d 181, 184 (Fla. 4th DCA 1983); *Rustic Vill., Inc. v. Friedman*, 417 So. 2d 305, 306 (Fla. 3d DCA 1982).

487, 496 (1941))).    The ACFA does not entitle a prevailing party, other than the attorney general, to an award of attorneys' fees.  A.R.S. §§ 44-1534; *Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1123 (Ariz. 1974).  Accordingly, Diamond is not entitled to attorneys' fees for prevailing on Horowitch's consumer fraud claim governed by the ACFA.

## II.  Motion for Judicial Review of Clerk's Taxing of Costs

Diamond objects to the Magistrate's finding that Diamond should not be awarded "reasonable costs" beyond the costs recoverable under 28 U.S.C. § 1920 as authorized by Section 768.79 and the FDUTPA.  (Doc. No. 214 at 2-4.)  Having found that Section 768.79 and the FDUTPA do not apply to this case, Diamond should not be awarded costs under those statutes.

Diamond also objects to the Magistrate's finding that Diamond should not recover $5,494.06 in photocopying costs because Diamond failed to provide sufficient documentation of those expenses.  (Doc. No. 214 at 4-6.)  "A prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation."  *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (quoting *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)).   "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable."  *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989).  Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable.  *Id.*

"To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case."

*George*, 114 F. Supp. 2d at 1299. "Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D. Ga. 1992); *see also Scelta*, 203 F. Supp. 2d at 1340-41 ("[S]ince the defendants have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case, reimbursement for photocopying costs is rejected in its entirety.").

In support of its proposed Bill of Costs, Diamond filed a spreadsheet listing the date of each photocopying expense, the number of copies made, and the amount billed for the copies. (Doc. No. 203-1, filed Feb. 5, 2010.) Although Diamond correctly notes that "an accounting for each photocopy is implausible," *Scelta*, 203 F. Supp. 2d at 1340, Diamond has not described or categorized its photocopying expenses such that the Court may differentiate between recoverable and nonrecoverable photocopying costs. Because the Court has no basis upon which to conclude what portion, if any, of the $5,494.06 sought for photocopying expenses is recoverable under § 1920, reimbursement for photocopying costs should be denied in its entirety.[5] *Scelta*, 203 F. Supp. 2d at 1340-41.

Finding no objections to the Magistrate's remaining findings to reduce the costs awarded to Diamond, Diamond should be awarded taxable costs of $7,781.01 as calculated in the Magistrate's Report and Recommendation. (Doc. No. 211 at 9.)

---

[5] In the alternative, Diamond argues that it should be awarded the claimed photocopying expenses less a twenty percent discount to alleviate any concerns that the copies were unnecessary or duplicative. This approach was applied in *Diaz v. Jaguar Rest. Group, LLC*, No. 08-22317-CIV, 2010 WL 431786, *2 (S.D. Fla. Jan. 31, 2010). However, unlike in *Diaz*, this Court cannot conclude from the evidence in the record that no copies were made merely for the pretrial convenience of counsel. *Id.* Accordingly, the Court will not award the requested copying costs less a twenty percent discount.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.  The Objections to the Report and Recommendation on Motion for Attorney's Fees and Costs by Plaintiff Alan Horowitch (Doc. No. 212) and Defendant Diamond Aircraft Industries, Inc. (Doc. No. 213) are **OVERRULED**, and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 210) is **ADOPTED** and **AFFIRMED**.

2.  The Motion for Attorneys' Fees and Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 196) is **DENIED**.

3.  The Objection to the Report and Recommendation on Motion for Judicial Review of Clerk's Taxing of Costs by Defendant Diamond Aircraft Industries, Inc. (Doc. No. 214) is **OVERRULED**, and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 211) is **ADOPTED** and **AFFIRMED**.

4.  The Motion for Judicial Review of Clerk's Taxing of Costs by Plaintiff Alan Horowitch (Doc. No. 207) is **GRANTED**.

5.  The Bill of Costs taxed by the Clerk of Court (Doc. No. 204) is **VACATED**. The Clerk of Court is directed to enter an Amended Bill of Costs awarding Diamond Aircraft Industries, Inc. taxable costs in the total amount of $7,781.01.

**DONE** and **ORDERED** in Orlando, Florida on May 26, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record